## DALLAS TERM, 1898

BEN CASTLEMAN v. THE STATE.

No. 1480. Decided January 26, 1898.

Motion for Rehearing Decided March 2, 1898.

1. **Statement of Facts—Practice on Appeal.**

A statement of facts which has not been approved by the trial judge will not be considered on appeal.

2. **Supplemental Statement of Facts—Filed After Adjournment.**

Where the original record on appeal contained a certified statement of facts filed in term time in the court below, but which was not approved by the judge, a supplemental transcript showing a certified statement of facts approved by the judge, but filed after the term of court below had adjourned, will not be considered; there being no previous order granting ten days within which to file said statement after adjournment.

APPEAL from the County Court of Johnson. Tried below before Hon. F. E. ADAMS, County Judge.

Appeal from a conviction for a violation of local option; penalty, a fine of $50 and thirty days imprisonment in the county jail.

No statement necessary.

*Plummer & Green,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was charged by information with a violation of the local option law. He was convicted, and his punishment assessed at a fine of $50 and imprisonment in the county jail for a term of thirty days. A motion was made to quash the affidavit and information. We have examined the grounds of the motion, and find they are not sustained by the record. The affidavit and information are in good form, and properly set out the offense sought to be charged. The statement of facts can not be considered, because not approved by the trial judge. The judgment is affirmed.

*Affirmed.*

39th Crim. Rep.—1

## MOTION FOR REHEARING.

"Ben Castleman v. The State of Texas.—In the Court of Criminal Appeals, Dallas, Texas.

"Now comes Ben Castleman, appellant, and moves the court to grant him a rehearing in this case, because the court erred in not considering the statement of facts filed in this case, as the same shows that the imperfect statement of facts filed January 1, 1898, was corrected and amended by supplemental statement of facts filed in this court January 21, 1898, by agreement indorsed on said supplement between the county attorney, representing the State in the County Court of Johnson County, and O. T. Plummer, representing appellant. Appellant would show that said agreement was made at the suggestion of Hon Mann Trice, Assistant Attorney-General, representing the State in this court.

"Wherefore, appellant prays the court to grant him a rehearing in this case, and to consider the statement of facts as amended in determining appellant's guilt or innocence of the offense of which he is charged in this case, and to reverse said case and remand the same for a new trial.

"O. T. PLUMMER, Attorney for Appellant."

## ON MOTION FOR REHEARING.

DAVIDSON, JUDGE.—At a former day of this term of this court, the judgment in this case was affirmed, and now comes before us on motion for rehearing. The case was disposed of without reference to the statement of facts, because not approved by the judge. The original record made out by the clerk contained what purported to be a statement of facts, which was filed on September 2, 1897, but was not approved by the judge. The clerk certified that this transcript was correct, and contained the proceedings had in the case, and that such proceedings were correctly copied in the transcript. Subsequently, appellant, by agreement with the Assistant Attorney-General, filed what he terms a "supplemental transcript," which contains a bill of exceptions and statement of facts. This supplemental transcript shows the statement of facts to have been approved by the trial judge, and filed on the 6th day of September, 1897. The clerk also certifies this to be correct. Court adjourned on the 4th day of September, 1897. So we have two certificates from the clerk—one to the original transcript, certifying that the statement of facts was filed on the 2d of September, that is, during the term; and the supplemental transcript, showing that said statement of facts was filed on the 6th day of September, or two days after the adjournment of court. The statement of facts as contained in the original transcript was not approved by the judge; and supplemental transcript shows the statement of facts to have been approved by the judge, but filed after adjournment, and no ten-day order authorizing the filing of a statement

of facts after the adjournment of court is in the record. These discrepancies in regard to file mark, approval, etc., are not sought to be explained. The statement of facts signed by the judge can not be considered, for want of the proper order authorizing the filing of said statement of facts subsequent to the adjournment of court.

The bill of exceptions omitted from the first transcript, but contained in the supplemental transcript, was reserved with reference to the court permitting the State to prove certain matters in regard to a copy from a book in the office of the United States internal revenue collector. Several objections were reserved to the admission of this testimony. We have previously held that this character of testimony was admissible, and will not go into a discussion of the subject in this case. As the matter is presented on the motion for rehearing, we can not consider the statement of facts. The motion for rehearing is overruled.

*Motion overruled.*