### BUCK WOOTEN v. THE STATE.

No. 4143.   Decided June 19, 1909.

Rehearing denied October 21, 1909.

**1.—Local Option—Bills of Exception—Practice in County Court.**

Where a party appealing has his bills of exception so modified or changed as to deprive him of what he believes to be fair and correct, he should take such steps as are required by the statute to protect himself; and it is not sufficient to have the court below certify that he signed the bill with his explanations and qualifications without the knowledge of the appellant; and where it did not appear that the court was wrong in his action in rejecting one bill and filing others with his qualifications, there was no error.

**2.—Same—Information—Jurisdiction—Filing.**

Where the information and the complaint were fastened together, and the file mark placed upon one, this showed a sufficient filing of both papers, and there was nothing in the contention that the information read to the jury had not been filed, and the court was, therefore, without jurisdiction. Following Stinson v. State, 5 Texas Crim. App., 31, and other cases.

**3.—Same—Evidence—Election Contest.**

Where, upon trial of a violation of the local option law, the State introduced in evidence the minutes of the Commissioners' Court with reference to the order of election and putting the law into force, there was no error; besides, such objection to said entries could not be heard, as the same involved an election contest in the District Court, under the Act of the Thirtieth Legislature.

**4.—Same—Bill of Exceptions.**

Where, upon trial of a violation of the local option law, the court, in his refusal of defendant's bill of exceptions, stated that the State's counsel did not use the written statement of the State's witness to refresh his memory, there was no merit in the defendant's contention that the State's counsel held this statement in his hand while examining the witness, without first showing same to defendant's counsel.

**5.—Same—Bill of Exceptions.**

Where upon appeal appellant's bill of exceptions was not approved by the court below because no such proceedings occurred as stated in the bill, there was no error.

**6.—Same—Evidence—Cross-examination—Complaint.**

Upon trial of a violation of the local option law there was no error in sustaining an objection to defendant's cross-examination of a State's witness asking him why he did not sign the complaint against the defendant, it appearing that another party had signed the complaint. This testimony was irrelevant.

**7.—Same—Different Transactions—State's Election.**

Where, upon trial of a violation of the local option law, one of the State's witnesses sufficiently identified the date of the transaction, while another State's witness was uncertain, and there was no motion to require the State to elect, there was no merit in defendant's contention that the testimony of the State showed different transactions.

Appeal from the County Court of McCulloch.   Tried below before the Hon. Harvey Walker.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and twenty days confinement in the county jail.

The opinion states the case.

*J. A. Adkins* and *A. G. Walker,* for appellant.—On question of certifying bills of exception: Exon v. State, 33 Texas Crim. Rep., 461, 26 S. W. Rep., 1088; Moree v. State, 83 S. W. Rep., 1117. On question of filing information: Leal v. State, 51 Texas Crim. Rep., 425, 19 Texas Ct. Rep., 150; Ochoa v. State, 19 Texas Ct. Rep., 158.

*F. J. McCord,* Assistant Attorney-General, and *J. E. Brown,* County Attorney, for the State.—Cited cases in the opinion. On question of objecting to orders of Commissioners Court: Reno v. State, 55 Texas Crim. Rep., 260, 117 S. W. Rep., 129. On question of court's certificate to appellant's bill of exceptions: Reno v. State, 54. Texas Crim. Rep., 409, 114 S. W. Rep., 143.

DAVIDSON, Presiding Judge.—There is filed a motion to reverse and remand the case without consideration of the record because appellant was denied his bills of exception by the trial court without fault on his part as shown by the certificate of the county judge. Following the certificate of the county judge is what purports to be an oath stating that appellant presented his bills of exception to the county judge for his approval and setting out quite a lot of matters and things why the motion should be granted, but the motion is neither signed nor sworn to. Therefore, it can not be considered. In the transcript proper the county judge inclosed the following certificate: "I, Harvey Walker, county judge of said McCulloch County, do hereby certify that the bills of exception prepared by the defendant were presented to me for approval within a reasonable time after the adjournment of court; that the explanations of some and the rejection of one were made by me, without consulting defendant or his counsel, or calling their attention. to such explanations and rejection; that I did not return said bills of exception to the defendant or his counsel, but I had them filed by the clerk before defendant or his counsel had an opportunity of seeing said explanations and rejections. I do this at the request of defendant's counsel for the purpose, as he says, to show that defendant did not receive and have filed said bills, as explained and rejected as his bills." There is nothing in the record to show there were any objections on the part of appellant to the bills of exception as explained and filed, or the refusal of the court to approve the one he rejected, and there is nothing to show, in any manner, to this court that the bills were not fair and correct. If appellant was not satisfied with those bills and the court had placed him in the attitude of not being able to prepare proper bills, this should have been made to appear. Where a party appealing has his bills of exception so modified or changed as to deprive him of what he

believes to be fair and correct, he should take such steps as are required by the statute to protect himself. It is not sufficient to have the court certify that he signed the bills with his explanation and qualifications without the knowledge of appellant. The correctness of the bills as signed and approved is not legally attacked, nor does it in any manner appear that the court was wrong in rejecting the bill that was rejected. So as the matter is presented, we do not feel authorized to review this action of the court.

The first bill of exceptions recites that the information read to the jury had not been filed. Appellant urges, therefore, that the court was without jurisdiction. The court qualifies the bill by stating that there was no motion to quash, or written exceptions or motion in arrest of judgment presented; that the county attorney read the information, called on the defendant to plead, and his counsel stated that they excepted to the information because it had not been filed by the clerk; that a plea of not guilty was entered, the court heard nothing about a plea to the jurisdiction, and therefore does not approve the statement in the bill that the information was not filed. He further states that the information and affidavit were fastened, at the top and folded together and filed as shown by indorsements on the back of the outside of the "bundle" made by the two papers being so folded. We omit the indorsements. It has been held that wherever the information and the complaint were fastened together and the file mark placed upon either, this will be sufficient to show the filing of both papers. Stinson v. State, 5 Texas Crim. App., 31; Schott v. State, 7 Texas Crim. App., 616, and Castleman v. State, 39 Texas Crim. Rep., 1, 43 S. W. Rep., 994.

Bills Nos. 2, 3 and 4 are reserved to the ruling of the court admitting entries upon the Commissioners Court minutes in respect to the court ordering an election and putting it into operation. Without going into any details the court explains this matter in such a way as that there is no error in any of the rulings, and it might be added that the objections can not be so urged; that by an Act of the Thirtieth Legislature such matters as those mentioned must be settled in a contest in the District Court.

Bill No. 5 recites that the county attorney, while examining the witness Lewis, held in his hand a statement which had been reduced to writing and which seems to have been that of the witness taken before a justice of the peace in a court of inquiry. .This bill was refused by the court in which refusal he .states that the county attorney did not use the statement of the witness Lewis before the court of inquiry to refresh the memory of the witness.

Bill No. 6 was not approved by the court on the ground that no such proceedings occurred.

Bill No. 7 recites that Lewis, on cross-examination, was asked why he did not sign the complaint against appellant. The complaint

discloses that it was signed by T. L. Sansom eleven days subsequent to the holding of the court of inquiry. Objection was urged by the State's counsel because the matter was irrelevant and immaterial. The object and purpose of this testimony is not stated, but the court qualifies the bill by stating that counsel asked the witness Lewis, who was a negro, why he did not make the complaint against Buck Wooten, appellant, for selling the whisky to him at the time he was before the court of inquiry. To this the county attorney objected on the ground that same was incompetent, irrelevant, immaterial, and not tending to prove any issue before the jury, or shed any light on any issue in the case. The complaint was made by Sansom, who saw the sale made and arrested the negro with the whisky, and the matter of making the complaint was one over which the witness had no control. The court sustained the objection. We are of opinion that the court was correct. Any credible person could make the complaint who was cognizant of the facts.

Bill No. 8 recites that Lewis swore he purchased the whisky of appellant on the 28th of December, and not on the eighteenth. Sansom, the sheriff, who made the complaint, testified that he, Sansom, did not see Lewis and appellant on the 28th of December, but it was on the eighteenth. The objection urged was that the testimony showed different and separate transactions. The court qualifies this bill by stating that Lewis testified that he did not remember the date certainly, but it was some time in December, he thought about the twenty-eighth. That Sansom caught and brought the negro, Lewis, to the courthouse before the justice of the peace, and had him to testify about the matter, and that this was the only time he was ever caught by the sheriff and brought to the courthouse about a whisky transaction; that witness did not say he did not buy any whisky on the 18th of December, but when asked about it said he did not remember the day, but thought it was about the twenty-eighth. Sansom was positive in his recollection of the date, said it was December 18; that he brought the negro immediately to the courthouse, and this was the only time he ever brought the negro Lewis to the courthouse on any such transaction; and that no other such transaction had ever occurred with the negro Lewis. We think this transaction is sufficiently identified by the witness Sansom as being the eighteenth and that the negro's testimony is uncertain as to the date, but in any event if there had been two transactions and both proved, in the absence of appellant's motion to require the State to elect, there would be no error.

The affidavit appended to the motion for new trial alleging newly discovered testimony, is, we think, without merit.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied October 21, 1909.]