Statement.

# Richmond.

CITY OF NORFOLK V. BOARD OF TRADE AND BUSINESS MEN'S
ASSOCIATION, A CORPORATION, AND CITY OF NORFOLK V.
VIRGINIA CLUB, A CORPORATION.

March 11, 1909.

1. SOCIAL CLUBS—*Exemption From Municipal Taxation—Power of Legislature to Exempt—Intoxicating Liquors—Licenses—Section 1042 of Code.*—The act of March 12, 1904 (Acts 1904, p. 214), granting to corporations organized and conducted as *bona fide* social clubs exemption from all taxation, State, municipal and county, except the license fee to the State required by said act is a valid exercise of the police power of the State, although it may abridge the police power of the subordinate divisions of the State. It is not special legislation within the meaning of the Constitution, as it is a general law applicable to the whole State; and, in so far as it conflicts with section 1042 of the Code, it must prevail as it was enacted subsequently to that section. The power of the legislature to enact laws on any and all subjects is unrestrained, unless prohibited by the Constitution and it may say what a city shall, and what it shall not, tax notwithstanding section 1042 of the Code. Under the express terms of said act, a city has no right to impose a license or tax on a *bona fide* social club organized under the act, and which has complied with its provision.

Error to a judgment of the Circuit Court of the city of Norfolk on an appeal from the police justice. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*James F. Duncan,* for the plaintiff in error.

*Thomas H. Willcox* and *Williams & Tunstall,* for defendants in error.

CARDWELL, J., delivered the opinion of the court.

The writs of error awarded in these two cases present the same question, the cases were submitted together for decision, and will be disposed of in this opinion.

Upon the agreed statement of facts filed in the record, defendants in error are each *bona fide* social clubs, by virtue of the laws of Virginia, chartered and organized prior to April 16, 1903. Each of them paid to the treasurer of the city of Norfolk, in due time, $350.00 claimed against them, respectively, as all that was due for license taxes under the laws of Virginia for the year 1905. The city of Norfolk, by its ordinance, undertook to impose on behalf of the city an additional license tax of $500, and defendants in error having failed to pay same, they were each adjudged by the police justice of the city to pay a fine of $20 and costs; whereupon, an appeal was taken to the Circuit Court of the city of Norfolk, and upon the hearing, that court "being of the opinion that the act approved March 12, 1904—Acts 1904, p. 214—is an exercise of the police power of the Commonwealth, regulating social clubs and fixing conditions upon which they exist in this State, and restrains the city of Norfolk from imposing additional conditions," rendered its decision accordingly. In other words, the circuit court denied the right of the city to impose further taxes or license charges against defendants in error other than the sum of $350 imposed by the State of Virginia, reversed the judgment of the police justice and dismissed each of these prosecutions.

The act of March 12, 1904, *supra,* so far as pertinent to these cases, is as follows: "Any corporation chartered and organized as a social club and paying the tax above described (the tax of $350 in favor of the State) shall be entitled to distribute

and dispense wines, ardent spirits, malt liquors or any mixture thereof, alcoholic bitters or bitters containing alcohol, or fruit preserved in ardent spirits, or malt liquors only, as the case may be, to and among its members without obtaining any license or paying any other or further tax, either State, municipal, or county, for the said privilege, than as above described; provided that such corporation is organized and conducted as a *bona fide* social club." And by a preceding section of the statute the exemption of all social clubs from being required to obtain any license or pay any other further tax, either State, municipal or county, for the privilege of being a social club, is restricted to *bona fide* social clubs chartered and organized prior to April 16, 1903.

By the agreed statement of facts it further appears, that all of the conditions are met entitling defendants in error to the exemption from further taxation by the State for the year 1905, and from municipal tax, for the privileges conferred by the statute; therefore, the sole question for our determination is the power of the legislature to pass the act in question. We are not required to determine whether or not there was a valid reason for the legislature to pass the act, but solely whether it had the power.

The power of the legislature to enact laws upon any and all subjects is unrestrained, unless prohibited by the Constitution. *Conk* v. *Skeen, Judge, ante,* p. 6, 63 S. E. 11, 2 Va. App. 732, 735.

There is nothing in the Constitution in express terms prohibiting the passage of the act of March 12, 1904, *supra,* as section 64 of the Constitution (forbidding the legislature to pass special laws in certain cases, among others, "grant to any private corporation, association or individual any special or exclusive right, privilege or immunity"), has no application here, the statute being a general law.

Nor is there any merit in the contention of plaintiff in error, the city of Norfolk, that section 1042 of the Code should over-

ride the act now under consideration, because it is in general consonance with section 64 of the Constitution. The act under consideration, passed at a subsequent date. to that of section 1042 of the Code conferring upon cities and towns authority to impose a license tax in addition to such tax as is imposed by the State in certain cases, being constitutional and valid, necessarily operates as a limitation upon the authority of the cities and towns of the Commonwealth, conferred by section 1042, to impose in addition to the State tax on any license a tax for the benefit of the city or town. The subsequent statute is but an amendment to the former, both being general laws, constitutional and valid.

There is no abridgement of the exercise of the police powers of the State by the statute of March 12, 1904, under consideration. On the contrary, the act is in the exercise of the State's police powers; and even if it does "cripple and abridge the police power of plaintiff in error," it is none the less within the power of the legislature to enact it, as the legislature has the power to say what the city shall tax and what it shall not tax, notwithstanding section 1042 of the Code, *supra.*

The statute under consideration, though incidentally referred to in *Phoebus* v. *Manhattan Club,* 105 Va. 144, 52 S. E. 839, was not involved so as to require an adjudication as to its validity or effect, and therefore the decision in that case has no bearing here.

We are of opinion that the judgment of the circuit court in these cases is without error and should, therefore, be affirmed.

*Affirmed.*