# CHARLESTON.

## STATE *v.* ATKINSON.

### Decided May 17, 1910.

1. INTOXICATING LIQUORS—*Illegal Sales—Manager of Social Club.*

    The manager of a social club chartered and organized under and pursuant to section 120a, chapter 32, Code Supplement, 1907, with license regularly obtained from the county clerk, and payment of taxes thereon as assessed by such clerk, as provided by said section, is not liable to indictment for selling intoxicating liquors to a member of such club.

2. SAME—*License—Social Clubs.*

    Such social club, having obtained such license and paid the taxes assessed thereon, is not required by section 1, chapter 32, Code Supplement, 1907, as a condition precedent to selling or dispensing intoxicating liquors to its members, to also obtain a state license from the county court, or from the council of a municipality, where such club is located.

3. SAME—*License—"To Keep Said Club."*

    A certificate of license "to keep said club," regularly issued by a clerk of the county court to such social club, as provided by said section 120a, with assessment and payment of taxes thereon as provided thereby, constitutes a valid license to sell and dispense intoxicating liquors to members of such club, though such certificate does not on its face specifically give right to sell.

4. SAME—*Social Clubs—Legal Sales—Evidence.*

    It is error for the court on the trial of an indictment, charging the manager of such a social club, with selling intoxicating liquors without a state license therefor, to exclude from the jury its charter, license, minutes of stockholders and board of directors, and other documents relating to the organization and management of such club, and the application for and membership therein of the person to whom it is alleged illegal sales were made.

5. SAME—*Illegal Sales—Social Clubs—Adjudication of Bona Fides of Organization.*

    The remedy by complaint to the circuit court, or a judge thereof in vacation, and notice thereof to such club, as provided by said section 120a, for obtaining an adjudication, tnat such club is being or has been conducted for the purpose of violating or

67 W. Va.

evading the laws of the state regulating the licensing and sale of intoxicating liquors, is exclusive, and the question of the *bona fides* of such organization can not prior to such adjudication and on the trial of an indictment of the manager of such club for alleged illegal sales to members thereof without a state license therefor, be determined by the court or submitted to the jury.

Error to Circuit Court, Logan County.

Everett Atkinson was convicted of an illegal sale of liquor, and brings error.

*Reversed and Remanded.*

*J. S. Miller* and *Marcum & Marcum,* for plaintiff in error.

*William G. Conley,* Attorney General, for the State.

MILLER, JUDGE:

The defendant was indicted at the October term, 1908, of the circuit court for selling, offering and exposing for sale spirituous, vinous and malt liquors, without having obtained a state license therefor. On the ·trial the State proved by Simpson Thompson sales to him by defendant of whiskey and beer within the county, and within one year next before the finding of the indictment, but that he had at that time joined the Guyan Valley Social Club, had "signed something" to become a member, and had agreed to pay $2.50 for his membership, and the State then rested.

The defendant, without objection· by the State, thereupon introduced the charter of incorporation of the Guyan Valley Social Club, issued by the Secretary of State, July 18, 1908, to Spencer˜ Ison, U. C. Hager, E. H. Atkinson, E. E. Epling and L. C. White, with the certificate of recordation thereof endorsed thereon, it being agreed by counsel that defendant is the E. H. Atkinson mentioned in said charter; also the affidavit of said Atkinson, made ·August 1, 1908, filed with the clerk of the county court, as provided by section 1044a, Code Supplement, 1907, at the time he applied for license for said club to sell and distribute to its members spirituous, vinous and malt liquors, "that the number of members of said club for the fraction of the preceding year for which said club was organized was thirty", together with the subscription of membership re-

ferred to therein and accompanying said affidavit; also the
certificate of license issued by J. R. Henderson, clerk of the
county court of said Logan county, August 1, 1908; together
with the receipt of the clerk for $60.00, license tax assessed
by him thereon, objection to which by the State was overruled,
and whereby said clerk certified, "that the undersigned, in
pursuance of the authority vested in him by law, has this day
granted to the Guyan Valley Social Club, of City of Logan,
Logan County, West Virginia, a license to keep said club at
the place known as the G. W. and E. H. Atkinson property
in said city, beginning 1st day of August, 1908, and ending
June 30, 1909, and has assessed the tax at Sixty dollars;" also
the application in writing of said Thompson for membership
in said club, objection to which by the State was also over-
ruled, whereby said applicant represents himself as over twenty
one years of age, not of intemperate habits, agrees to conform
to the by-laws and regulations of said organization, if permitted
to become a member thereof, and to pay an admission fee of
$5.00, also agreeing to introduce no one into the club who is
not a member thereof, or until he has filled and signed an appli-
cation to become a member, and that he would not recommend
for membership anyone of intemperate habits. A copy of the
rules and regulations was also offered in evidence, and a copy
of the by-laws, adopted by the stockholders on the organization
of said club; also the minutes of subsequent meetings of the
board of directors, which were attended by said Atkinson, a
member thereof. The minutes of the board of directors show
authority to the manager to hold social sessions of the club. He
also offered in evidence the petition of the Guyan Valley Social
Club, dated October 13, 1908, verified by L. C. White, president,
addressed to the clerk of the county court of Logan county,
West Virginia, setting forth at length the organization of said
club, the location of its club house, its desire to keep on hand
at its club house spirituous liquors to be sold directly or indi-
rectly to its members, and its desire for a license to do so and
for no other purpose than that contemplated by law, tendering
the amount of the taxes and praying for such license. Said
petition endorsed by said clerk was received and filed for record
October 13, 1908. Counsel say they do not know why this
petition was filed. And we see no reason therefor. The defend-

ant also proved by himself that he was at the time of the sale in question secretary and general manager of the club, that he had sold no liquor to Thompson until he had become a member of the club, and had made no sales to others than members; that the money derived from all sales was deposited by him in bank to the credit of the club. He also testified to other facts not important in the disposition of the case.

After the defendant had rested, the State called G. R. Armstrong, and proved by him that he was the agent of the C. & O. Railroad at Logan, and the quantity of different kinds of intoxicating liquors received upon consignment to it at Logan, from the time of its organization up to October 26, 1908; and by Atkinson, defendant, re-called by the State, the State proved that on the 26th day of October, 1908, the club had a membership of one hundred and twenty-six. And the State again rested.

Thereupon the court on motion of the prosecuting attorney, over the objection of the defendant, struck out all the defendant's documentary evidence relating to the organization of said club, including the charter, the agreement of membership, the affidavit of Atkinson, the license issued to said club by the clerk, the application for membership by said Thompson, and the minutes and proceedings aforesaid; and upon its own motion also struck out the evidence of the witness G. R. Armstrong, and directed the jury not to consider any of the evidence so excluded.

Upon the evidence admitted the jury returned a verdict of guilty, which verdict the court, upon motion of the defendant, refused to set aside, or to grant him a new trial, and adjudged that he pay a fine of twenty five dollars and be imprisoned in the county jail for a period of two months. To this judgment a writ of error was obtained from this Court.

The errors assigned here are: First, the exclusion from the consideration of the jury of the charter of the club, the license issued by the clerk, and the other documentary evidence offered in defense; second, the refusal of the court to set aside the verdict and grant defendant a new trial.

On the trial below the fact of the sale or sales to Thompson was not controverted, and is not controverted here, but admitted. The sole question presented for our decision, therefore, is, did

the court below err in excluding defendant's documentary evidence?

The attorney general justifies the action of the court below upon several grounds. The first is that the license issued by the clerk, without a regular license to vend intoxicating liquors, required by section 1, chapter 32, Code Supplement, 1907, furnished no justification for the sale to Thompson. Prior to the amendment of that chapter, section 120a, serial section 1042a, Code Supplement, 1907, as held in *State* v. *Shumate,* 44 W. Va. 490, such was undoubtedly the law. But said section 120a, in force at the time of the offense charged in the indictment, is too plain to call for interpretation. It provides: "Any corporation or association chartered and organized as a social club and paying the tax above prescribed shall be entitled to distribute and dispense wines, ardent spirits, malt liquors or any mixture thereof, alcoholic bitters or bitters containing alcohol, or fruit preserved in ardent spirits, to and among its members, without obtaining any license or paying any further tax, either state, municipal or county, for the said privilege, than is above prescribed; provided, that the said corporation is organized and conducted as a *bona fide* social club; and provided, further, that no person or corporation shall be entitled by the payment of the tax above prescribed to conduct the business of a wholesale or retail liquor dealer for which a license is required under the existing laws of the state." The second ground is that without authority of the county court, as required by section 10, chapter 32, Code Supplement, 1907, and by virtue of section 22, chapter 3, Acts of Special Session 1907, incorporating the City of Logan, empowering the council of said city to make and enforce ordinances for the regulation and control of the sale of all intoxicating liquors, and providing for the forfeiture, cancellation and annulment of any license for the violation of any condition of the bond given, etc., and providing also "that in no event shall such license be granted to any person without the consent of a majority of the board of control", the license issued to said club by the clerk of said court without authority of said city was invalid, and constituted no defense for the sales made to Thompson. We think this ground also without any merit. Said section 10, by its very terms, has application alone to state licenses issued pursuant

to section one of said chapter; and certainly the section of the charter of the City of Logan referred to, neither by its terms, or by implication, repeals the social club law. That provision of the charter relates, and was intended to relate to licenses required by the first section of said chapter 32 of Code. Said section 120a specifically provides that a social club chartered and organized pursuant thereto, upon paying the tax prescribed thereby, shall be entitled to distribute and dispense spirituous liquors to and among its members, without obtaining any license or paying any further tax either state, municipal or county for said privilege. How could language be made plainer? Repeal by implication is never favored; and the repeal of a general law by a special statute must be either express, or the language be so clear as to amount to an express direction. The same answer may be made to the argument based on section 10, chapter 36, Acts of 1905, which prohibits a county court from granting a license to sell intoxicating drinks within two miles of an incorporated town, city or village, without the consent of its council, and that a license granted without such consent is void, and sales made under it violate the law. This provision clearly relates to licenses issued under the provisions of said section 1, chapter 32, and not to a social club license. The supreme court of Virginia in *Norfolk* v. *Board of Trade and Business Men's Association,* 63 S. E. 987, gave similar construction to the social club law of that state. A third ground is that the license issued by said clerk is not in terms a license to sell intoxicating liquors, but "a license to keep said club" at the place designated. We see no force in this contention. No form of license is prescribed. The statute says that any such corporation or association desiring to keep on hand at its club house or other place of meeting, spirituous liquors for sale to its members, shall "make application to the county clerk wherein the club house or other place of meeting of such corporation is located, for a *certificate of license.*" The statute does not say the application shall be by petition. It simply says that "the person making application for such license shall file with the clerk of the county court an affidavit showing the number of persons who have been members of such corporation during the preceding year, and the clerk of the county court shall file such affidavit in his office which shall be open to the examina-

tion and inspection of the prosecuting attorney or the state tax commissioner, and assess the taxes against such corporation or association at two dollars for every person who has been a member thereof during the preceding year, and the applicant shall pay the license tax as other license taxes are paid." So far as the record shows the applicant did every thing required of it. The clerk issued his certificate of license, assessed the taxes thereon, and the taxes were paid. We think that this was substantial compliance with the law, both by the applicant and by the clerk. The certificate of license, with the assessment of taxes thereon, and the payment of the taxes by the applicant together constituted a good license under the statute. True the certificate might have specifically recited authority to sell spirituous liquors, but without that the certificate, as issued, with the assessment and collection of the license tax, in legal effect authorized the licensee to do the business which the statute authorized. The fourth and last ground relied on is that the evidence shows that the said club was not a *bona fide* organization, and that this must have been clearly apparent to the trial court, from the amount of liquor shown to have been bought and sold, the size of the membership never having exceeded one hundred and fifty four, and that the court was justified on this ground in excluding the documentary evidence. Conceding the court may have inferred from this evidence that this club was not a *bona fide* social organization, was it justified on the trial of this indictment, on that ground, in excluding the defendant's documentary evidence? Or could the court have lawfully submitted that question of fact to the jury? We think not. The law may have been a bad one. The legislature in 1909, in amending it, evidently thought so; but the issue of the charter to defendant's club, the organization thereunder, and the obtaining of the license from the clerk, seem to have been regular, and the statute in every way complied with. Therefore, until it had been judicially determined, as provided, that said corporation was being conducted, or had been conducted for the purpose of violating or evading the laws of the state, regulating the sale of liquors, the rights and franchises of the corporation did not cease. The same statute provides that upon complaint of any person that such corporation so chartered as a social club is being conducted for the purposes of violating or evading the

laws in the way indicated, and the service of such complaint on such corporation at least ten days before the hearing of such complaint, the circuit court of the county wherein is located the place of business or meeting, or the judge thereof in vacation, shall inquire into the truth of said complaint, and if such court or judge in vacation shall adjudge that said corporation is being or has been conducted for such illegal purposes "the chartered rights and franchises of said corporation shall cease and be void without any further proceedings, and the said corporation and all persons concerned in the violation or evasion of said law shall be subject to the penalties prescribed by section 3 of this chapter for the sale of intoxicating liquors without a state license therefor." Was it competent, therefore, in the face of this statute for the circuit court on the trial of an indictment to prejudge this question of *bona fides* without notice to the corporation and an opportunity for a hearing? We think not. We think the remedy prescribed by law exclusive, and until the question was thus judicially determined no prosecutions for violations of the law against illicit sales of spirituous liquors by such club or any one acting for it was justified.

We are therefore of opinion that the court erred in excluding defendant's evidence in directing the jury not to consider the same, and that it also erred in overruling defendant's motion for a new trial, and entering judgment against him of fine and imprisonment. The judgment below will therefore be reversed, the verdict set aside, and a new trial awarded.

*Reversed and Remanded.*