# CHARLESTON.

STATE v. CALHOUN.

Decided October 18, 1910.

1. UNLAWFUL SALE—*Indictment—Duplicity.*

An indictment charging that defendant did unlawfully sell, offer and expose for sale, wine, porter, ale, beer and drinks of like nature, not then having a state license therefor, is good under the statute, and not bad because of duplicity.

2. MOTION IN ARREST OF JUDGMENT.

Duplicity is not available on a motion in arrest of judgment.

3. EVIDENCE—*Illegal or Incompetent Evidence.*

A motion to strike out all the evidence of a particular witness, or the whole of the evidence of one party, should not prevail, although it may contain some illegal or incompetent evidence, if it also contain other evidence proper to go to the jury. The motion in such case should be applied to the particular evidence regarded illegal or incompetent.

4. INTOXICATING LIQUORS—*Alleged Sales—Election.*

On the trial of one indicted for selling illegally intoxicating liquors, until required by motion of defendant to elect which sale it will rely on for conviction, the State may prove and rely on any sale made within one year next prior to the finding of the indictment.

5. ERROR IN INSTRUCTIONS.

Though there be error in instructions given on behalf of the prevailing party, yet the judgment will not for this reason be reversed if it appears that the same error was introduced into the record by instructions given at the instance of or was invited by the other party.

6. INTOXICATING LIQUORS—*Social Club—Sales by.*

On the trial of one indicted for selling illegally intoxicating liquors without a state license therefor, proof of a charter of incorporation issued to defendant and others for a social club, as provided by chapter 32, section 120-a, Code Sup. 1907, it being also proven that defendant made or authorized such sales, or was concerned therein, will constitute no defense. To constitute good defense there must be proof also of regular organization under such charter, assessment and payment of the license taxes assessed, as prescribed by said section, and that

67 W. Va.

the sales proven to have been made, were limited to regular members of such club.

Error to Circuit Court, McDowell County.

A. B. Calhoun was convicted of unlawful selling, and brings error.

*Affirmed.*

*Anderson, Strother & Hughes,* for plaintiff in error.

*William G. Conley,* Attorney General; *R. R. Smith,* Prosecuting Attorney, and *J. A. Seamon,* for the State.

MILLER, JUDGE:

The indictment, in the language of the statute, charges that defendant on the ———— day of August, 1908, did unlawfully sell, offer and expose for sale wine, porter, ale, beer and drinks of like nature, * * * not then and there having a state license therefor. Issue was found on defendant's only plea, not guilty, and on the trial the jury found him guilty as charged.

On the trial below defendant made a motion in arrest of judgment, which was overruled, alleging, as he does here, that the indictment, in one count, charges several and distinct offences. This is not a new question, and the motion was properly overruled. *State* v. *Marks,* 65 W. Va. 526, and cases cited. Duplicity is not available on a motion in arrest of judgment. *State* v. *Ball,* 30 W. Va. 382, 388.

The next point made is that the court below should have sustained defendant's motion to set aside the verdict and award him a new trial. It is contended that defendant's motions to strike out the evidence of each particular witness, and to strike out the whole evidence of the state should have prevailed. Motions were made to exclude the evidence of some witnesses, but not of each witness, the grounds relied on not appearing. Here it is argued that these motions should have prevailed because some of the witnesses testified as to other sales than those made on August 16, 1908. The motions were general, applying to the whole evidence, and not alone to the evidence of sales made on other days. When these motions were made the request that the state elect which sale it would rely on for conviction had not been made, nor

does it appear that any motion was made to the court to require the state to make such election. When the request was made, according to the transcripts of the evidence, the state elected to reply on the *sales* made on August 16, 1908; in another part of the same bill of exceptions it is recited that "the state, by its counsel, elected to rely upon the *sale* made on the 16th day of August, 1908," not specifying which of the several sales proven to have been made on that day. The evidence of all these witnesses contained other matters proper to go to the jury, and the motions being general, and not confined to the matter of sales, were, for this reason, if for no other, properly overruled. *State* v. *Hood,* 63 W. Va. 182, 185-6. Until the state, on motion of defendant, was required by the court to elect the particular sale it would rely on to sustain conviction, it might prove and rely on any sale made within one year prior to indictment found. *Loftus* v. *Commonwealth,* 3 Grat. 601, Anno. 808; *State* v. *Chisnell,* 36 W. Va. 664.

The next point relied on is that the court misdirected the jury by the state's instructions numbers one, two and three given. These instructions are not very artistically drawn. If on proper motion the state had been confined to some particular sale made on August 16, 1908, and defendant's instructions had not repeated the most important error of which he complains in the state's instructions, the point would have force, and might require reversal of the judgment. The principal point is that neither of these three instructions limited the jury to any particular sale: another is that by number one the jury was told that if defendant individually or as president or stockholder of the Keystone Political Social Club, by himself or through the agency of some other person committed the offense charged, or, as in number three, if he was benefited personally therein, he was guilty, notwithstanding he was a stockholder or officer of said club. Still another point is that instruction number two was based in part on the theory that defendant had made sales to said social club, when, as it is claimed, there was no evidence of any such sale made on August 16, 1908, to support such theory.

On the principal point the court was not called upon, by any motion addressed to it, to require the state to make an

election. The request was apparently to the prosecuting attorney. His reply, according to one part of the record, was that he elected to rely on the *sales* made on August 16, 1908; according to another part, that he would rely on the *sale* made on that day. No exception was noted to either reply. Both are contained in the same bill of exceptions. The state's instructions numbers two and three complained of did not confine the jury to any particular sale, or to a sale made to any particular person; but number one did confine them to August 16, 1908. It was decided in *State* v. *Chisnell,* 36 W. Va. 659, relied on by defendant, that when in a case like this "evidence of more than one sale is given, on request of the defendants, at the close of the state's evidence, the court should compel the state to elect the particular sale on which it will rely for conviction, and then exclude evidence of other sales." This, we think, the correct practice. But a defendant should avail himself of this right by motion addressed to the court; otherwise any sale proven to have been made within the statute of limitations will support a verdict of guilty. But if we treat the request of defendant, and the election or elections of the state as the equivalent of a motion to and ruling by the court thereon, how, in the face of this conflict in the record, are we to dispose of this point of error? There was evidence of sales made on other days than August 16, 1908, and there was evidence of sales to different persons made on that date. If we had before us the state's instructions alone we might with some consistency, perhaps, say that the state should have been limited to some sale, or at least sales made on August 16. But six instructions were asked by defendant, and all but the first—a peremptory instruction to find for the defendant, were given over the objections of the state. Each of these instructions given is predicated on the theory of sales made on August 16, 1908, not any particular sale made on that day. By instruction number five the jury were distinctly told "that the State relies only upon the alleged illegal sales of August 16, 1908, and that you are not at liberty to and shall not consider any evidence in this case in regard to any other sales at any other time or place." Instruction number six tells them that "if they shall believe from evidence * * * * * that the *sales, offers* and *exposures* for sale * * * * * were made for and on

behalf Keystone Union Political Social Club, a corporation, then, although said corporation would be liable to indictment and punishment therefor, yet defendant cannot be found guilty thereof by reason of the mere fact that he was a stockholder or officer of said corporation." By instruction number two the jury were told, on the same subject, "that it is not sufficient that A. L. Calhoun should have received the benefits from said *sales* as a stockholder in or officer of said corporation." In none of the instructions proposed by defendant was the state limited otherwise than to *sales* made on August 16, 1908. So that if there is any error in the state's instructions given, the same error was condoned, if not waived and invited by defendant in his instructions. Are we called upon then to reverse the judgment below? We think not. The rule in such cases is that the judgment below will not be reversed for error introduced into the record, or invited by the party asking the reversal. *Norfolk & Western R. Co.* v. *Mann,* 99 Va. 180 (37 S. E. 849); *Carpenter* v. *Utz,* 4 Grat. 270; *Comer* v. *Ritter Lumber Co.,* 59 W. Va. 688-689 (53 S. E. 906), citing 2 Enc. Pl. & Pract. 519. See also *Vance* v. *Evans,* 11 W. Va. 342, (Syl. 2); *Gimmi* v. *Cullen,* 20 Grat. 439; *Murrell* v. *Johnson,* 1 H. & M. 450; *Richmond &c. Ry. Co.* v. *Medley,* 75 Va. 499 (Syl. 4). If we should hold it error for the court to have given the state's instructions without limiting conviction to some particular sale made on August 16, 1908, there would stand the defendant's instructions, telling the jury in effect that they might consider any sale made on that day, warranting the verdict found. We know of no rule justifying such a practice.

The points made against instruction number one, that it authorized the jury to find defendant guilty if individually or as president or stockholder of said club by himself or through the agency of another, he was found to have committed the offense charged; and against number three, that if he benefited personally, notwithstanding his relationship of stockholder or officer thereof, he might be found guilty, maybe disposed of together. We do not understand these instructions do or were intended to tell the jury that defendant could be found guilty of an offense committed by the corporation alone, but only that if by pretense of a corporate act defendant individ-

ually, had committed the offense and had been benefited per-sonally, otherwise than as stockholder or officer, he might be found guilty. This was clearly the purpose of the instruc-tions. The instructions asked and given on behalf of defend-ant, make this fact doubly certain. For example, by defend-ant's instruction number two the jury were told that unless they found that the offense had been committed by defendant personally or through some one for him, and he had received the whole, or a portion of the proceeds of such sales, their verdict should be acquittal, although the evidence disclosed that he was an officer or stockholder of the Union Political Social Club, a corporation, and that such corporation through its agents had been engaged in selling intoxicating liquors, purchased of defendant personally, without a license therefor, and although they might find that defendant received a rake-off from the general business of such corporation and was bene-fited as stockholder or officer thereof. Defendant's instructions numbered three, four and six, given, also guarded defendant against the danger of conviction for all illegal sales distinctly those of such corporation, notwithstanding any interests he might have had therein as officer or stockholder, and we cannot see how it was possible for him to have been prejudiced by the state's instructions; for any improper inferences which the jury might have drawn from the language of these instruc-tions was fully overcome by the broad instructions given for defendant, and which fully explained the meaning intended in giving the state's instructions. Moreover, it is questionable whether there was sufficient evidence in the case to justify any instructions based on the theory that the sale or sales proven were made by or on behalf of the corporation. The state in-troduced, over the objection of defendant, a charter incorporat-ing the Keystone Union Political Social Club; but there was no attempt by defendant to show a regular corporate organiza-tion, and a business regularly conducted under it, as was the case in *State* v. *Atkinson,* 67 W. Va. 539 (68 S. E. 291). In that case the defense was based on a charter regu-larly issued, and organization perfected under it, and a sale made to members only, in full compliance with the statute. In this case no such defense was attempted. We do not know from this record, except from doubtful inferences, that there

ever was an organization under the charter, or whether the corporation had any members, or that a license had been applied for, and the license tax paid, as required by chapter 32, section 120-a, Code Sup. 1907. The sales proven were not sales made to members, but to persons in nowise connected by membership or otherwise with such club. A mere charter obtained from the secretary of state would not protect defendant from prosecution. The proof is positive that he admitted he got a rake-off on what liquor was sold, and that after the raid made on the place of business, the money seized, and arrests had been made by the officer of the law, defendant claimed all the money, and practically admitted that the business, as to which there can be little doubt, belonged to him. Said section 120-a, in force when the alleged offense was committed, makes all persons concerned in the violation of the law subject to its penalties. True we held in *State* v. *Atkinson, supra,* that until the question of the *bona fides* of such an organization has been determined by the adjudication of the circuit court, as prescribed by said section, the manager thereof can not be prosecuted for illegal sales to members; but in this case we have no proof of any organization, or of membership, and the sales proven were not made to members.

Finally as to the only other point made worthy of consideration, viz: that instruction number two was based on the theory of a sale by defendant to said club, and on a day other than August 16, 1908. We do not think this the correct interpretation to that instruction. It does submit to the jury the question whether defendant "furnished intoxicating drinks to the said club, and paid for the same;" but this is not the point of that instruction. The point is that if the jury should find he did this, and that he received the money derived from the sales thereof, or a portion of it, and that said sales were made with his knowledge, and under his directions, then he was guilty as charged, although the drinks may have been delivered and the money received by another. There was evidence that defendant, who owned and conducted a regular licensed saloon in the same locality, had about July 26, 1908, furnished intoxicating liquors to the place where the sales were proven to have been made, and we think there was enough additional evidence in the case from which the jury might

reasonably have inferred that the business where the alleged sales were made was carried on in this way. Whether so or not, the point attempted to be made is not the point of the instruction, and we see nothing in it prejudicial to the interest of defendant.·

Seeing no error in the judgment below, of which the defendant can legally complain, it is our judgment to affirm it, and we will so order.

*Affirmed.*