COMMONWEALTH *vs.* PATRICK CARBIN.

Essex.   November 3. — 26, 1886.   DEVENS, W. ALLEN, & GARDNER, JJ., absent.

At the trial in a police court of a complaint for keeping intoxicating liquors with intent unlawfully to sell the same, it appeared that an officer, in executing a search-warrant on the day named in the complaint, found a barrel of ale on the defendant's premises.   The defendant testified that this was given to him as a present by M., and put in evidence a receipted bill from M., in which a barrel of ale was charged as delivered to the defendant three days before the seizure. The defendant then contended that the receipted bill had been put in by mistake, and asked the judge to return it to him.   The judge refused so to do, and ordered it to be impounded.   *Held,* that at the trial, on appeal, in the Superior Court, the government was entitled to introduce the receipted bill in evidence; and that such use of it did not infringe the constitutional rights of the defendant.

COMPLAINT to the Police Court of Lynn, for keeping intoxicating liquors on June 12, 1886, with intent unlawfully to sell the same in this Commonwealth. Trial in the Superior Court, on appeal, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows:

It appeared that on June 12, 1886, the police officers of Lynn, while executing a search-warrant, seized a barrel of ale on the defendant's premises.

James H. Carroll, a witness for the government, testified that the defendant (not being represented by counsel) in said police court testified in his own behalf, among other things, that the ale seized was a present to him from one McCormick, and offered a receipted bill from McCormick to him, dated June 9, 1886, in which a barrel of ale was charged; that, the paper being read, the defendant said it was the wrong paper, and had been passed in by mistake, and requested the justice of the police court to return said paper to him; that the justice refused so to do, and ordered said paper to be impounded. The witness here identified the paper or receipt above referred to.

The defendant then asked the judge to order that said paper be returned to him, it being then on file in the Superior Court.

The judge refused to consider the question at that time, on the ground that it was a collateral matter, or to make any order in the premises. Said paper was then offered in evidence by the government, and the defendant objected to the introduction of the same. The judge overruled the objection, and ruled that said paper was competent and admissible in evidence.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. H. Sisk*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

MORTON, C. J. It appeared in evidence that the officers, in executing a search-warrant on June 12, 1886, found a barrel of ale on the defendant's premises. The defendant testified in the lower court that this was given to him as a present by one McCormick. The receipted bill of McCormick, in which a barrel of ale is charged as delivered to the defendant on June 9, 1886, was competent to contradict the testimony of the defendant. The fact that this bill was received by the defendant, and

retained as a voucher, is in the nature of an admission by him that the ale was bought and paid for, and, though open to explanation, is some evidence of the fact that it was bought and paid for. The dates are so near as to raise a fair inference that the barrel of ale sold by McCormick was the same barrel seized by the officers.

The defendant contends that the use of this bill in evidence was contrary to the Declaration of Rights, as it compelled him to furnish evidence against himself. But this paper was not obtained by the government by any unlawful means. We need not discuss the question whether, if it had been so obtained, the government could use it in evidence against the defendant.

The defendant voluntarily produced this receipted bill, and put it in evidence in the police court. He could not afterwards withdraw it, upon the claim that he put it in by mistake. It had become a part of the case, and the court had the right to retain and impound it, and the government had the right to use it upon the trial on appeal in the Superior Court, without any infringement of the constitutional rights of the defendant.

*Exceptions overruled.*