### COMMONWEALTH *vs.* JOHN O'HANLON.

Bristol.    October 27, 1891. — January 6, 1892.

Present: ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Intoxicating Liquors — Evidence — Election — Justice of the Peace — Name.*

On a complaint charging two single sales of intoxicating liquor, it is within the discretion of the court to permit the district attorney to elect upon which sale he will rely.

A justice of the peace, designated and commissioned under the Pub. Sts. c. 155, § 4, and the St. of 1884, c. 286, with authority to issue warrants in criminal cases, may lawfully receive the complaints upon which such warrants are issued.

If a complaint is addressed to " George G. W., Justice of the Peace, . . . designated and commissioned to issue warrants in criminal cases," and the jurat is signed "Geo. G. W., Justice of the Peace authorized to issue warrants as aforesaid," the abbreviated name may be assumed to stand for George, and the description following the same refers back to the caption of the complaint, and is sufficient.

COMPLAINT, in two counts, charging in the first count a single sale of intoxicating liquor on July 26, 1890, and in the second another similar sale on July 27, 1890, in each case to one Phipps. The complaint was addressed to " George G. Withington, Justice of the Peace in and for the county of Bristol and Commonwealth of Massachusetts, designated and commissioned to issue warrants in criminal cases." The jurat annexed to the complaint was as follows: " Bristol ss. Received and sworn to the fifth day of January in the year one thousand eight hundred and ninety-one. Before me, Geo. G. Withington, Justice of the Peace, authorized to issue warrants as aforesaid."

At the trial in the Superior Court, before *Hammond*, J., Phipps testified that he went to the defendant's shop in July and purchased intoxicating liquor of the defendant for himself and a companion named Lemke; that afterwards he went there on a Saturday night with another companion, and made purchases of intoxicating liquor of the defendant, and on the following Sunday went there alone. The defendant objected that evidence of another sale at that time would be incompetent. The district attorney then stated that, as then advised, he thought this was the sale upon which he should rely as the one named in one of the counts. The judge overruled the objection, and the defendant excepted. Against the defendant's objection, the witness then testified that he then bought intoxicating liquor of the defendant. Lemke, the only other witness, then testified that on July 22 last he went to the defendant's place with Phipps, and they had two glasses of intoxicating liquor of the defendant, and Phipps paid for it, and that this was the only time he went there with Phipps. The district attorney elected to rely upon the sales on Saturday evening and Sunday, and the court instructed the jury that they must disregard all evidence of any sales except those so elected. The jury returned a verdict of guilty; and the defendant alleged exceptions.

The defendant then filed a motion in arrest of judgment, on the ground that " George G. Withington had no legal authority to receive the original complaint in this case, or to administer the oath to the complainant, or certify thereto, all of which appears of record; wherefore he says that neither this court nor any other court has jurisdiction to enter judgment against him

under said complaint." The judge overruled the motion; and the defendant appealed.

*J. Brown*, for the defendant.

*A. E. Pillsbury*, Attorney General, for the Commonwealth.

MORTON, J. Under the complaint, the defendant could be convicted of two sales, and no more. The jury were instructed by the court to disregard all evidence of any sales except those relied on by the district attorney. It is to be presumed that they followed the instructions. It was within the discretion of the court to permit the district attorney to elect upon which sales he would rely. *Commonwealth* v. *Bennett*, 118 Mass. 443, 453.

The motion in arrest of judgment is disposed of by the case of *Commonwealth* v. *Taber, ante*, 5.        *Exceptions overruled.*