## CARROLL *v.* THE STATE.

1. Though, upon the trial of an indictment for murder, certain declarations made by the deceased may not have been admissible in evidence, at the instance of the State, as a part of the *res gestæ* of the homicide, yet, where counsel for the accused, in cross-examining the witness to whom these declarations were made, with a view to discrediting him, questioned him as to his testimony delivered at the coroner's inquest concerning what the deceased had said to him, thus making it proper and fair to allow the witness to testify to all he had stated on that occasion, and in this manner bringing out the declarations in question, there was no error in allowing them to go to the jury.

2. According to the previous adjudications of this court in *Irby* v. *The State*, 95 *Ga.* 468, and the cases there cited, the presiding judge is not bound, upon the trial of a criminal case, to charge the jury concerning the law relating to a given question, which, though pertinent to the issues involved, is not raised by the evidence, and is presented only by the statement of the accused, unless an appropriately worded request in writing so to charge is submitted to the judge.

3. The evidence fully warranted the verdict, and there was no error in denying a new trial.

April 13, 1896.

Indictment for murder. Before Judge Candler. Fulton superior court. March term, 1896.

*Glenn & Rountree,* for plaintiff in error.

*J. M. Terrell, attorney-general,* and *C. D. Hill, solicitor-general,* contra.

LUMPKIN, Justice.

1. John Carroll was convicted of the murder of his mistress, Maggie Donahoo. Jennings, a policeman of the City of Atlanta, was a witness for the State. In his direct examination, he gave no testimony at all as to any declarations of the deceased. Upon cross-examination, he stated that she had told him John Carroll shot her, and that he lived at number 87 Garibaldi street. He then stated several times—evidently in answer to pressing questions—that this was every word she said to him, and that she had made no other statement in his presence or hearing. He was then questioned as to his examination before the coroner's jury, and again repeated, in substance as above, the declarations which the deceased had made to him; and after still further examination, he admitted swearing at the inquest the following: "She said he wanted to stay with her, and she refused, and that he shot her"; and then added: "I swear that now; I think that is the way; she said 'he wanted to stay with me, and he shot me.'" The evident object of this cross-examination was to discredit the witness by showing a conflict between his testimony at the trial then in progress and that which he had given before the coroner. The motion for a new trial alleges error in admitting, over objection of counsel for the accused, the following testimony of Jennings: "I saw Maggie Donahoo a few minutes after the shooting. She appeared perfectly conscious. She told me that John Carroll, who lived at 87 Garibaldi

street, did the shooting. She said he wanted to stay with her, and she refused, and that he shot her."

It is obvious from the foregoing recital, that the testimony thus objected to was not offered by the State in the first instance, but was brought out by the counsel for the accused on cross-examination. The portion of this evidence which counsel really desired to exclude was the expression contained in the last sentence of the above quotation. While it is usually the right of counsel cross-examining a witness to object to irrelevant and improper answers, this right should not be so extended as to allow counsel to draw from a witness a recital of statements made by him on a previous occasion, and then object to a portion of these statements, when it is manifestly fair to the witness to allow a full disclosure of all he stated on that occasion. See *Lowe* v. *State*, 97 *Ga.* 792.

2. Requests to charge, in order to be binding upon the judge, must be reduced to writing. Code, §3715. We have, in the present case, followed the previous adjudications of this court in holding as announced in the second head-note.

3. The evidence discloses the perpetration of a wanton and unprovoked murder, and the record affords no good reason for setting the verdict aside.

*Judgment affirmed.*