(20 Misc. R'p. 604.)

### BRYAN v. OLSEN.

(Supreme Court, Appellate Term.    July 1, 1897.)

TRIAL—MOTION TO STRIKE OUT EVIDENCE.

It is not error to deny a motion, made by the defendant at the close of a case, to strike out "what transpired between" the plaintiff and a third party as immaterial, incompetent, and not connected with the defendant, when part of the testimony included within the motion was elicited by the defendant's counsel.

Appeal from Tenth district court.

Action by Harry C. Bryan against Ole H. Olsen.    From a judgment for plaintiff, rendered by a justice, defendant appeals.    Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Daniel P. Mahoney, for appellant.
Alfred B. Hall, Jr., for respondent.

BISCHOFF, J.    This action was brought to recover commissions alleged to have been earned by the plaintiff through his successful efforts in procuring a loan upon the defendant's property at the latter's request.    The amount of commissions due, if the plaintiff was entitled to any recovery, was not in dispute, and the justice has determined that the plaintiff was employed to procure this loan, and did procure it.    We cannot discover any infirmity in the recovery, since there was ample evidence to show an employment of plaintiff for this purpose by Anton Olsen, defendant's brother, whose authority to bind the defendant in the matter of the loan was admitted by the latter upon his direct examination.    Further, the record clearly bears out the fact that the lender was procured solely through the plaintiff's efforts.    It is true that this party—Mr. Todd—knew the defendant and his brother, but the application for a loan in this instance was made by the plaintiff, as broker; and, but for this, it can well be inferred from the evidence, Todd would not have been brought into the transaction.    For the defendant it was claimed that the plaintiff was not employed to secure the loan; that he had sought

the employment, but the defendant refused to make an application through him, and that negotiations touching this loan had been had with Todd by the defendant at a time prior to the plaintiff's attempted connection with the matter. All this, however, was opposed to the testimony of the plaintiff and of Todd, the latter being apparently a disinterested witness; and the justice was authorized to find, as he did, favorably to the plaintiff upon the facts. The appellant contends that the motion as made at the close of the case to strike out "what transpired between Todd and Bryan on the ground that it is immaterial, incompetent, and not connected with the defendant" was erroneously denied, but the point is found to be without merit, since the motion, as made, called for the striking out of testimony elicited by the defendant's counsel, as well as that adduced for the plaintiff, and it would thus appear that the defendant had consented to the introduction of this proof.

Judgment affirmed, with costs. All concur.