## CHENAULT BROTHERS v. W. H. CHAPPELL & Co.

### No. 382.

CORPORATIONS—*Execution against Stockholders.* Where, after an execution on a judgment against a corporation was returned *nulla bona*, the court, on motion of the judgment creditors, ordered an execution to issue against the stockholders of the corporation, and where the execution so ordered was not issued until nearly two years after the judgment against the corporation had become dormant, *held*, that such execution was invalid.

Error from Bourbon district court; WALTER L. SIMONS, judge. Opinion filed June 14, 1899. Affirmed.

*J. D. McCleverty*, for plaintiffs in error.

*John H. Crider*, and *Humphrey & Hudson*, for defendants in error.

The opinion of the court was delivered by

MILTON, J.: On May 23, 1888, the defendants in error recovered judgment against the Fort Scott Window Glass Company, a Kansas corporation, for the

sum of $694.75, and on the 27th of the following No-
vember an execution, issued on the judgment, was re-
turned *nulla bona*.   In January, 1891, the judgment
creditors filed a motion, under section 32 of the act re-
lating to private corporations, for an execution against
Chenault Brothers, who held $500 of the capital stock
of the insolvent corporation.  On December 17, 1891,
the motion was heard, and an order was entered as
prayed for.   The execution so ordered against the
stockholders was not issued until November 20, 1895.
It was levied on certain real estate belonging to
Chenault Brothers, and a few days prior to the date
set by the sheriff for the sale of the property they
filed their motion to recall, quash and set aside the
execution, the grounds of the motion being that the
execution had been issued without authority of law
and that it was not based on an existing judgment.
This motion was heard on February 13, 1896, and was
overruled, and plaintiffs in error now seek a review
of the action of the court in overruling the same.

The question presented by plaintiffs in error is thus
stated in their brief : ''The point at issue in this case
is whether an execution can issue against a stock-
holder in a corporation upon a judgment against it,
where such judgment has become dormant.''  Counsel
for plaintiffs in error contend that, as the judgment
against the corporation had become dormant, the
right of the judgment creditors to proceed against the
plaintiffs in error was at an end, and the execution
under consideration was therefore void.   On the
other hand, counsel for defendants in error argue that
the execution could properly issue at any time within
five years from the date of the order awarding the
same, and that when such order was made the origi-
nal judgment against the corporation was merged

Chenault v. Chappell.

therein, so far as the plaintiffs in error were concerned, and that further proceedings for the enforcement of the order were based on it and were consequently independent of the original judgment.

Under the statute, after judgment is obtained against a corporation and an execution issued thereon is returned *nulla bona*, the court in which the action was brought may, in proper proceedings, order an execution to issue against any stockholder of the corporation to an extent equal in amount to the amount of stock owned by him, together with any amount unpaid thereon, as was done in this case. The proceeding is a summary one, intended to accomplish that which the execution on the judgment against the corporation has failed to accomplish — that is, the payment of the judgment. It is ancillary to the action against the corporation. It provides another method by which a creditor may obtain payment of a debt due him from the corporation. No one could deny that, if a judgment against a corporation be paid, an execution cannot thereafter issue against the property of the stockholders thereof to satisfy such judgment. In the present case, the original judgment no longer existed as a charge against the corporation, enforceable without its consent. The creditor had permitted the judgment to become, in effect, satisfied by operation of law. No execution could issue thereon. Therefore no ancillary execution could properly issue, since its only purpose would be to enforce payment of the original judgment. Whatever attributes of a judgment the order in the present case may have had, its life depended on the continued existence of the judgment against the corporation.

We conclude that the execution against the property of the plaintiff in error was unauthorized by law and

that the court erred in overruling the motion to recall and quash the same. The order of the district court is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

---

THE STATE OF KANSAS v. ARTHUR BENJAMIN FERGUSON.

**No. 548.\***

1. CRIMINAL LAW—*Plea in Abatement.* Whether defendant was in fact the person indicted and arrested in the complaint and warrant was the issue tried by the court upon the hearing of the plea in abatement, and as defendant waived a jury for the trial of such issue the finding of the court was final and conclusive.

2. ———— *Intoxicating Liquors—Election.* Where a defendant does not move to require the state to elect as to the particular transaction testified to by the witnesses on which it will rely for conviction under the several counts of the indictment, and where no instruction more specific than those given by the court without request are asked by the appellant, it is not error to submit all of the testimony to the jury without such election.

Error from Allen district court; L. STILLWELL, judge. Opinion filed June 14, 1899. Affirmed.

*G. R. Gard,* county attorney, *G. A. Amos,* and *Travis Morse,* for The State.

*Oscar Foust & Son,* for appellant.

The opinion of the court was delivered by

MILTON, J. : Appellant was arrested under a warrant, following an indictment, charging Andrew Ferguson with violations of the prohibitory law. At the

---

* Appeal dismissed by supreme court November 11, 1899.—REP.

proper time appellant filed a plea in abatement, averring that his real name was Arthur Benjamin Ferguson; that a man named Andrew Ferguson actually lived in Iola, Allen county, Kansas, where appellant resided and where the indictment was found, at the time the indictment was returned, and that while appellant gave bond for his appearance in the district court, and the bond purported to be for the appearance of Andrew Ferguson, yet that such bond was given solely that appellant might thereby avoid being placed in jail.   To this plea the state answered that the defendant was the person indicted as Andrew Ferguson, and that he was well known in Iola as Andrew Ferguson and as A. B. Ferguson.   The defendant having waived a trial by jury of the issue so joined, the same was submitted to and determined by the court.   The court found that the defendant's real name was Arthur Benjamin Ferguson, but that he was well known by the names of Andrew Ferguson and A. B. Ferguson.   It was ordered that all subsequent proceedings be against the defendant "by the name of Arthur Benjamin Ferguson, referring also to the name by which he has been indicted, viz., Andrew Ferguson."   Thereupon, the defendant was tried under the indictment, the jury returning a verdict of guilty under the first and second counts.

Appellant contends that the court erred in refusing to give requested instructions whereby the question of the identity of Andrew Ferguson and the defendant was left to be determined by the jury.   The court did not err in refusing to give the instructions, as the issue had already been determined.   In a misdemeanor action a defendant may waive trial by jury, and a waiver in this case was binding on appellant.

As the defendant did not move to require the state

to elect as to the particular transaction testified to by the witnesses on which it would rely for conviction under the several counts of the indictment, and as no instruction more specific than those given by the court without request was asked by the defendant, it cannot be held error to submit the testimony to the jury without such an election.

The other contentions are the same as those considered and overruled in the case of *The State v. Nagley*, immediately following. The judgment of the district court is affirmed.