STATE OF IOWA v. M. G. BENSON, Appellant.

**Intoxicating liquors:** NUISANCE: EVIDENCE. Under a charge that
1   defendant had maintained a liquor nuisance during a certain period the admission of evidence that he had made sales prior to that time was error, which was not obviated by an instruction that the same could only be considered on the question of the intent of the accused in making sales during the designated time.

**Same:** UNLAWFUL INTENT: EVIDENCE. Where the accused was charged
2   with maintaining a nuisance after a surrender of his druggist's permit no issue of good faith was involved, and a single sale of liquor during the time charged was sufficient to establish unlawful intent in selling or keeping for sale.

**Same.** The illegal sale and keeping for sale of bitters which are
3   intoxicating and not so compounded as to prevent their use as

a beverage constitutes a nuisance, regardless of the question of intent.

**Same:** REPUTATION OF PLACE: EVIDENCE. While evidence of the general reputation of a place as being one where intoxicating liquors are kept for sale and sold is not admissible on the trial of an indictment for maintaining a liquor nuisance, still where one charged with maintaining a liquor nuisance calls witnesses who testify without objection to the reputation of his place regarding the sale of liquor, the state may produce evidence in response thereto, although the witnesses were not before the grand jury and no notice that they would be called had been served; as such testimony is not evidence in chief of which defendant is entitled to notice.

**Same:** EVIDENCE. Evidence that empty bottles were lying around the town, not identified as those of defendant, was improperly received in this prosecution.

**Same:** HEARSAY. Testimony as to whether a witness had heard that defendant sold bitters as an intoxicating liquor was hearsay and incompetent.

**Same:** GENERAL REPUTATION OF DRINKS SOLD: EVIDENCE. On a prosecution for maintaining a liquor nuisance on the ground of the sale of bitters as an intoxicant, evidence of the general reputation that bitters was used for intoxicating purposes was inadmissible.

*Appeal from Hamilton District Court.*—HON. R. M. WRIGHT, Judge.

TUESDAY, MARCH 5, 1912.

THE defendant appeals from a judgment convicting him of having maintained a liquor nuisance.—*Reversed.*

*G. D. Thompson,* for appellant.

*George Cosson,* Attorney-General, and *John Fletcher,* Assistant Attorney-General, for the State.

LADD, J.—The defendant was accused in the indictment of having maintained a place wherein intoxicating

liquors were kept for sale and sold contrary to law between
March 1, 1909, and February 24, 1911, the
time of finding the indictment. On trial,
testimony of three witnesses that he had sold
whisky prior to March 1, 1909, was received over objection. This was error which was not obviated by the seventeenth instruction in which the jury was told "that such testimony should be considered by you only as it may tend to throw light on the intentions and motives of defendant in making sales between the 1st day of March, 1909, and the 24th day of February, 1911, and as to whether such sales were made as for medical purposes or as a beverage."

*1. Intoxicating liquors: nuisance: evidence.*

The place alleged to be a nuisance was a drug store. Defendant had surrendered a permit to sell intoxicating liquors for medical purposes in March, 1909. So the issue of good faith was in no manner involved. If a single sale of intoxicating liquors was made therein within the period described in the indictment, this was enough to establish the unlawful intent in selling or keeping for sale. *State v. Reyelts,* 74 Iowa, 499.

*2. Same: unlawful intent: evidence.*

The evidence disclosed that defendant kept and disposed of considerable quantities of bitters, such as Hostetter's, Western Indian, Burdock, Electric, and the like, and the main controversy was whether these were intoxicating. If any were intoxicating and he sold some that were, and were not so compounded as to preclude their use as a beverage, or any whisky or brandy in his store within the defined period, he was guilty of maintaining a nuisance, regardless of the intent or motive with which this was done. *State v. Laffer,* 38 Iowa, 422; *State v. Gregory,* 110 Iowa, 624; *McNiel v. Horan,* 153 Iowa, 630. Prof of sales prior to the time covered by the indictment then had no bearing on the issues being tried and was prejudicial to the defendant.

*3. Same.*

II. The defendant called several witnesses who testi-

fied without objection to the reputation of plaintiff's place of business with reference to the sale of intoxicating liquors.

4. SAME:
reputation
of place:
evidence.

When the state called a witness to testify in response thereto, the objection that the witness had not been before the grand jury, and no notice that he would be called had been served, was interposed and overruled. As such evidence was not admissible in a criminal action, it can not be said that it was evidence in chief of which the accused must have notice. *State v. Fleming,* 86 Iowa, 294; sections 2384, 2406, Code. For this reason, the objection was rightly overruled. An appropriate objection was interposed upon the calling of another witness on the same subject but, as this class of evidence had been introduced by him receiving testimony of the same character in rebuttal, ought not to be regarded an error of which complaint might be made.

III. One Johnson, in cross-examination by the state, having said he had seen "bitter bottles lying around the town," did not know where they came from, or what kind

5. SAME:
evidence.

of bitters they contained, was asked: "Q. They were empty bitters lying around the road?" This was objected to by defendant as incompetent, immaterial, and irrelevant, the bottles not having been identified as those sold by defendant. The objection was overruled. "Q. Now, then, Mr. Johnson, you have never stopped to wonder where those bottles came from? A. I never did; no, sir. Q. Did you think they were used for medicine when people have driven home and 'left them on the road? A. I did not think of it. No, sir; just when riding home." Motion to strike this evidence as incompetent, irrelevant, and immaterial was overruled. As the bottles were identified in no manner, the evidence should have been excluded and the prosecuting attorney cautioned against indulging in similar inquiries.

IV. T. L. Henderson, having testified that defendant had told him when asked for them that he did not have

bitters and that he did not know how they tasted, was asked: "Q. Now, I asked you if you ever heard that Benson sells bitters there for intoxicating liquors?" Objected to as incompetent, immaterial, irrelevant, and not proper cross-examination; mere hearsay. Overruled. "A. I have heard that he sells liquor there." The question called for and procured hearsay evidence which was not admissible.

6. SAME: hearsay.

V. One Williams, after testifying in rebuttal over objection to the reputation of defendant's place of business with respect to the sale of intoxicating liquors, was asked: "If you know the reputation, or if you have heard anything said by the way of reputation as to how the bitters are sold and used? The Court: Are you inquiring for the general reputation? Mr. Henderson: Yes, sir." Objection as calling for reputation of bitters, and not the place, not the best evidence, and incompetent, irrelevant, and immaterial. The objections being overruled, the witness answered, "Yes, sir." "Q. State what the reputation is." Same objections, overruled. "Q. In regard to what those bitters are sold and used for? A. Used for intoxicating purposes." The rulings were erroneous. Some other errors are complained of not likely to arise on another trial.—*Reversed.*

7. SAME: general reputation of drinks sold: evidence.