## STATE OF NORTH DAKOTA v. GEORGE TAYLOR.

(153 N. W. 981.)

**Complaint in justice court — information — common nuisance — preliminary hearing — offense charged — difference in time — setting aside information — motion for — objection waived — appeal — issue first presented on.**

The information included a greater period of time than was charged in the complaint in justice court as the time during which a common nuisance was maintained. A preliminary examination was waived. Defendant moved to quash the information upon the ground specified, that he had not had or waived a preliminary examination for the offense charged in the information, but without pointing out or stating as grounds for the motion that the information included additional time to that stated in the criminal complaint. The record does not affirmatively disclose that, in denying said

motion, such variance in time was known to the court, or was presented as the grounds for the motion made.

*Held,* that under § 10729, Comp. Laws 1913, requiring that a motion "to set aside the information must specify clearly the grounds of objection to the information," or the objection be waived, that the objection based upon such variance in time was not raised and was waived, and this court will not pass upon an issue not presented below.

### Opinion filed July 1, 1915.

An appeal from the judgment of conviction in the County Court of Increased Jurisdiction of Ward County, *William Murray,* J.

Affirmed.

*Greenleaf, Bradford, & Nash,* for appellant.

The "oath" or "affirmation" referred to in the organic act means a positive oath or affirmation, not one on information and belief. State ex rel. Register v. McGahey, 12 N. D. 535, 97 N. W. 865, 1 Ann. Cas. 650, 14 Am. Crim. Rep. 283.

Proceedings based upon an information not supported by such an oath or affirmation, if timely objection is made, deprive defendant of his liberty without due process. Myers v. People, 67 Ill. 503; Lustig v. People, 18 Colo. 77, 32 Pac. 275; Thornberry v. State, 3 Tex. App. 36; United States v. Tureaud, 20 Fed. 621; United States v. Maxwell, 3 Dill. 275, Fed. Cas. No. 15,750; United States v. Polite, 35 Fed. 58; United States v. Smith, 40 Fed. 755.

*R. A. Nestos,* State's Attorney, *Dorr Carroll* and *O. B. Herigstad,* Assistant State's Attorneys, and *H. J. Linde,* Attorney General, for respondent.

After defendant's motion to quash the information had been denied, and after his demurrer had been overruled, he entered a plea of not guilty, and by so doing, he waived all irregularities in the record, and gave the court complete jurisdiction over the entire case. State v. Gottlieb, 21 N. D. 179, 129 N. W. 460; State ex rel. Poul v. McLain, 13 N. D. 368, 102 N. W. 407.

The information, verified by the state's attorney on information and belief, was sufficient. State v. Gottlieb, 21 N. D. 179, 129 N. W. 460; State v. Blackman, 32 Kan. 615, 5 Pac. 173; State v. Cropper, 4 Kan. App. 245, 45 Pac. 131.

Goss, J.  A criminal complaint, sworn to December 31, 1913, on positive knowledge, was laid before a magistrate, charging defendant with keeping and maintaining a common nuisance at a place described, "at divers times between the 1st day of January, 1912, and the 28th day of December, 1913." Defendant appeared in justice court, waived preliminary examination, and was held to answer at the next term of the county court of increased jurisdiction, and admitted to bail. On January 6th, 1914, state's attorney filed in county court a criminal information, with statutory verification thereto, charging defendant with keeping and maintaining a common nuisance at said place, "at divers times and days between the 7th day of January, 1912, and the 6th day of January, 1914." Upon arraignment, appellant filed the following motion: "Comes now the above named defendant and moves to set aside the information for the following reasons: (1) That defendant was entitled to a preliminary examination before a magistrate, before the filing of such information, and said defendant has not had such examination, and has been held to answer before the above court; and said defendant has not waived such examination in writing, or orally before a magistrate.  (2) That such information is not verified in the manner provided for the verification of informations, and is not verified in the manner provided for the verification of informations to be filed in the county court when a preliminary hearing has not been had." This motion was denied, whereupon a demurrer to the information was interposed and overruled. Defendant then pleaded not guilty. He was convicted. When called for judgment, a motion in arrest of judgment was interposed. Sentence was pronounced, and final judgment thereon entered. This appeal is taken therefrom. Error is assigned upon these rulings. Everything urged on the demurrer and motion in arrest of judgment and exceptions taken to the instructions are predicated upon the same question sought to be raised by the motion to quash. Hence, if the motion to quash was properly denied, all other assignments urged are without merit.

From the record above stated, the reader would be wholly in the dark concerning, as well as surprised to learn, the question sought to be urged for consideration here. The information is in regular form with statutory verification, and in fact is based upon a preliminary examination waived as disclosed by the record. There is nothing irregu-

lar in the record apparent from a casual examination. The reasons
stated in the motion appear groundless, inasmuch as, contrary to the
statement made there, defendant was afforded a preliminary examina-
tion, and, according to the return of the magistrate, appeared and waived
such examination, and was held for trial before the county court, and
furnished bail pending trial. This constituted an exact compliance
with the statute. The state saw fit to proceed in a manner affording
defendant an opportunity for a preliminary examination, but which
he waived.

But it is here contended that defendant was not afforded a pre-
liminary examination for the crime charged, and that he did not waive
one, because the information filed in county court contained, as a
part of the period therein charged, the period from December 28, 1913,
to January 6, 1914, inclusive, not included within the period charged
in the complaint filed in the magistrate's court. And appellant cites
the opinion in State v. Winbauer, 21 N. D. 161, 129 N. W. 97, wherein
it was held, under a motion to quash the information upon the ground
that the defendant had not had a preliminary examination for such
an added period of time beyond that for which he waived a preliminary
examination, that the information so attacked charges two criminal of-
fenses, for one of which no preliminary examination had been had or
waived, and that the information should have been quashed, under the
first subdiv. of § 10728, Comp. Laws 1913. Appellant confidently
asserts that holding to be here controlling; that this information must
be held to charge an offense for which defendant has had no pre-
liminary examination, and that it is vulnerable to the motion made.
See also State v. Riley, 26 N. D. 236, 144 N. W. 107.

But the trouble with respondent's argument is that he is presenting
here a contention that we have no assurance of record was presented
to the trial court. With knowledge of what was said and the reason-
ing of the court in State v. Winbauer in this motion, blind upon its
face and presenting no issue except the question of whether this de-
fendant was afforded a preliminary examination (a conceded fact upon
the record), a basis was attempted to be made for the argument here
advanced; and this, too, without compliance with § 10729, Comp. Laws
1913, requiring that a motion to set aside an information "*must* specify
clearly the ground of objection to the information." The attention

of the trial court was not directed by this motion to the difference in period of time charged in the information to that specified in the complaint. Instead, the motion, in the form in which it is phrased, would rather tend to obscure, than to direct the attention of the court to, the question here presented. It is the duty of counsel to "specify clearly the ground of objection to the information." Had he done so, and the court denied his motion, he would have been in a position to have presented the ruling on appeal as error. As it is, he has invoked no such ruling, and, not having invoked it, so far as the record shows, he has waived it; as under the statute, § 10729, the objection must be specified, and the motion to quash must be made upon explicit and stated grounds, and that, too, before demurrer or plea entered; otherwise, any objection upon which the information might have been set aside is waived. Appellant, then, is in the position of demurring and subsequently pleading to, and going to trial upon, a valid information, charging him with the commission of a public offense, without having moved to quash such information upon sufficient grounds; nor is the information demurrable. The judgment is accordingly affirmed.