## STATE OF NORTH DAKOTA, Respondent, v. A. F. SIEVERT, Appellant.

### (218 N. W. 871.)

**Indictment and information — plea of not guilty waives all irregularities.**

1. By entering a plea of not guilty to an information the accused waives all defects and irregularities which may be objected to by motion to set aside the information even though he is unaware of such defects or irregularities at the time of entering his plea.

**Criminal law — evidence that defendant had kept another similar nuisance than one charged held inadmissible.**

2. On the trial of a charge of keeping and maintaining a common nuisance

in violation of § 10,117, Comp. Laws 1913, as amended, evidence tending to establish that the defendant had kept and maintained another similar nuisance separate and distinct from the one charged is not admissible.

Opinion filed April 2, 1928. Rehearing denied April 16, 1928.

Criminal Law, 16 C. J. § 1181 p. 607 n. 71; § 2194 p. 874 n. 95. Indictments and Informations, 31 C. J. § 531 p. 871 n. 31.

Appeal from the District Court of Richland County, *Wolfe*, J.

Defendant was convicted on a charge of keeping and maintaining a common nuisance and appeals.

Reversed.

*Purcell & Heder,* for appellant.

"A waiver exists only where one with full knowledge of a material fact does or forbears to do something inconsistent with the existence of the right or of his intentions to rely upon that right." 40 Cyc. 259.

"A trial court has no right to single out any witness as the subject for special caution regarding credibility. Cautionary instructions should be applicable to all witnesses alike and it is not the province of the court to single out any witness and by special instructions intimate an opinion as to the credibility. The credibility of witnesses is for the jury alone." State v. Young, 55 N. D. 194, 212 N. W. 857.

"Where a person on trial for a crime testifies in his own behalf, the court may instruct the jury that in weighing his testimony they may consider his interest in the result of the suit. The court, however, cannot, by repeating its statement in that regard, give it undue weight, or say aught calculated to disparage the testimony of the accused." (Neb.) 49 N. W. 367.

"In a trial for murder, while it is proper to instruct the jury to consider the interest of the accused as a witness, an instruction casting discredit and suspicion upon his testimony is error." State v. White, 10 Wash. 611, 39 Pac. 160.

"An erroneous instruction in a criminal case is not cured by the giving of a correct instruction; the result serving to confuse the jury and to render it impossible to determine whether they followed the correct or incorrect instruction." People v. Maughs (Cal.) 86 Pac. 187.

*C. E. Lounsbury,* State's Attorney, and *W. L. Divet,* Assistant State's Attorney, for respondent.

"Failure to instruct on the question of evidence of good character, in the absence of a request for a particular instruction stating the law, is not reversible error." Sweet v. State, 75 Neb. 263, 106 N. W. 31; Morris v. Territory (Okla.) 99 Pac. 760.

"In the absence of a request for a proper instruction defining the phrase 'reasonable doubt,' the failure of the court to define these words is not error." Bynum v. State, 46 Fla. 142.

"Although there is authority to the contrary, as a general rule, it is proper to give an instruction calling the attention of the jury to defendant's interest in the result as affecting his credibility." 16 C. J. 1020; Philamclee v. State (Neb.) 78 N. W. 625; Emery v. State (Wis.) 79 N. W. 145.

NUESSLE, J.   The defendant was informed against in the district court of Richland County on a charge of keeping and maintaining a common nuisance on and between January 1, 1925 and June 20, 1926 in the village of Great Bend, Richland county, North Dakota. He was arraigned, entered his plea of not guilty, the case was tried, and the jury returned a verdict of guilty. Judgment was entered on this verdict.   Thereafter the defendant moved for a new trial on various grounds and the motion was denied. This appeal is from the order denying his motion for a new trial and from the judgment of conviction.

The defendant in support of his appeal first contends that the district court was without jurisdiction for the reason that there was no proper and sufficient complaint upon which to ground the prosecution.   It seems that during the trial of the cause, on cross examination of the complaining witness, some evidence was adduced tending to show that the complaining witness had never sworn to the complaint upon which the warrant of arrest was issued in the first instance. This is the basis for the defendant's contention which was at once raised.   We have examined the record with respect to this particular matter and we are of the opinion, considering the whole testimony, both of the complaining witness and the justice of the peace who issued the original warrant, that there is no ground upon which to sustain the defendant's conten-

tion that the original complaint was not sworn to. But, in any event, when the defendant was arrested and taken before the justice of the peace who issued the warrant, he waived examination and was bound over to the district court. Thereafter an information against him was duly filed in the district court. The defendant was arraigned thereunder and entered his plea of not guilty to the charge as contained therein. At no time was objection taken to the information and no motion was made to set it aside. Under these circumstances the defendant waived any objection that he might otherwise have made to the information. See Comp. Laws 1913, § 10,729; State ex rel. Poull v. McLain, 13 N. D. 369, 102 N. W. 407; State v. Hart, 30 N. D. 368, 152 N. W. 672; State v. Taylor, 31 N. D. 236, 153 N. W. 981.

The defendant has also assigned numerous errors based on rulings of the court respecting matters of evidence. We have examined these several assignments and are of the opinion that with one exception they are without merit. One assignment, however, is such that we think there must be a reversal on account of the ruling complained of.

As heretofore stated the defendant was charged with the offense of keeping and maintaining a common nuisance on and between the 1st day of January, 1925 and the 20th day of June, 1926 in the village of Great Bend, North Dakota. The state offered evidence tending to show that the defendant had conducted a drug store in Great Bend for many years prior to October 1st, 1925. On that date he sold the building in which he had been operating this store and removed the stock of druggist's supplies which he then had on hand to a barn some fifty feet from the drug store building. Whether the two buildings were on the same lot or block does not appear, but it is certain that they were separate and distinct buildings and at least fifty feet apart. It is also certain that after October 1st the purchaser of the store building was in possession thereof and using it for his own purposes. The evidence of the state further tended to show that during the year 1925 and up to the time of the sale of the drug store building, the defendant had sold intoxicating liquor as a beverage in the drug store building and had permitted various persons to drink intoxicating liquor as a beverage therein. The state's evidence also tended to establish that after October 1st, 1925, and during the remainder of the period charged in the information, the defendant kept and maintained a nuisance as charged

in the barn.   When the state offered evidence respecting the keeping
of the nuisance in the drug store building, the defendant objected
thereto on the ground that the offense this evidence tended to establish
was another and different offense from that charged in the information.
The court, however, overruled this objection on the ground that no par-
ticular lot or building was charged in the information and that if the
State's evidence tended to establish different offenses, the State might
at the proper time be required to elect as to the particular offense on
which it would stand.   This ruling was correct.   See State v. Poull, 14
N. D. 557, 105 N. W. 717.   At the close of the state's case the defend-
ant moved that the State be required to elect as to the offense upon which
it would rely.   The court required an election, and the State chose to
rely upon the offense committed in the barn.   Thereupon the defendant
moved that all testimony touching sales or other acts tending to estab-
lish a nuisance in the drug store building be stricken from the record.
This motion was denied.   In charging the jury the court said:

"Now, you are instructed that you cannot convict this defendant, in
this case, of any crime in the keeping of the place known as the drug
store.   That is no longer involved in this action.   And the evidence
with reference to the sales of liquor and the permitting of people to
resort to that place known as the drug store is only in this case for such
bearing as it may have upon the conduct of the business in keeping the
other place in the barn."

It is clear to us that the court erred in denying the defendant's
motion to strike.   The evidence of the State at the time the motion
was made was sufficient to sustain a finding by the jury that the defend-
ant had kept and maintained nuisances both in the drug store and in
the barn.   But the evidence also established that the nuisance in the
barn was maintained subsequent to the time during which the defend-
ant had kept the nuisance in the drug store building and after he had
sold and surrendered possession of the store.   Neither place was kept
in connection with or as a part of the other.   Thus the evidence tended
to establish the commission of two separate and independent offenses.
See State v. Poull, supra; State ex rel. Kelly v. Nelson, 13 N. D. 122,
99 N. W. 1077.   As indicated by the court's instructions to the jury
heretofore quoted, the court permitted the evidence to remain in the
record on the theory that it was admissible as tending to show the char-

acter of the place which was kept in the barn. This was clearly erroneous. As is said in State v. Poull, supra:

"It is elementary that evidence of other offenses than the one charged is not admissible, except in certain cases, and then for restricted purposes only."

Clearly the instant case is not within the exceptions. See State v. Heaton, ante, 357, 217 N. W. 531, and authorities therein cited; State v. Benson, 154 Iowa, 313, 134 N. W. 851. The State in support of its contention in this regard relies upon State v. Gordon, 32 N. D. 31, 155 N. W. 59, Ann. Cas. 1918A, 442; State v. Stanley, 38 N. D. 311, 164 N. W. 702; and State v. Wheeler, 38 N. D. 456, 165 N. W. 574. An examination of these cases, however, discloses that they are clearly distinguishable from the instant case and cannot here avail the state. The objectionable evidence was of such a character that we cannot say the defendant was not prejudiced by reason of the court's ruling with respect thereto. This is not a case where it is possible to say that the guilt of the defendant is so clearly established that the conviction must be sustained notwithstanding any errors that may have occurred in the course of the trial. There is a sharp conflict in the testimony as to the acts charged. The defendant took the stand in his own behalf and denied absolutely the making of any unlawful sales. There is evidence in the record that he bore a good reputation in the community where he lived. For ten years prior to the sale of his drug store he had been the postmaster at Great Bend. He had been a member of the village board and of the local school board.

The judgment must be reversed and a new trial granted.

CHRISTIANSON, BURKE, and BIRDZELL, JJ., concur.

BURR, J. (dissenting): The syllabus states the law but the second section is not applicable to the case at bar because the defendant is not in position to present the matter here.

The defendant was charged with "keeping and maintaining a common nuisance" but the "place" was not described, other than it was stated to be in Richland county. The time of the commission of the offense was said to be the period "between the first day of January, 1925, and the 20th of June, 1926." The evidence shows the defendant

during this time was a druggist and that during a portion of the time he maintained his business in a building which we will call the "drug store." During the period alleged he sold the "drug store" and moved what was left of his stock to a building on the rear of the same block and known as "the barn." During the trial of the case, while the second witness for the State was testifying, it developed that this witness purchased intoxicating liquors from the defendant in the "drug store" and in the "barn" during the period alleged; the purchases in the "barn" being made after the defendant sold "the drug store." The defendant promptly objected to the testimony with reference to sales in both places and demanded that the State be required to elect which building it would describe as the "place," and that sales be confined thereto. The court indicated that such election should be made, but not at the time of the demand and overruled the demand. The third witness produced by the State was confined by the State on his direct examination to sales made in the "barn;" but the defendant, though the witness had been carefully limited to the "barn" on cross examination, interrogated him with reference to sales made in the "drug store" and brought out the fact that the witness had purchased from the defendant in the "drug store" during the time alleged in the information and prior to the sale of the "drug store." There were other witnesses produced by the State on minor testimony and at the close of the state's case the defendant renewed his demand that the State be required to elect which place it would rely upon for conviction. The court granted the motion and required the state to elect.

Thereupon the state's attorney said "the motion having been granted, requiring the state to elect which of the buildings described by the witnesses the state relies upon and will endeavor to establish as a common nuisance, the State now elects to stand upon the property known as 'the barn' in the evidence of the witnesses who have testified."

The election having been made the defendant then moved to strike out "all evidence in the case pertaining to any sales made by the defendant of liquor in the building known as the drug store" on the ground that it is outside of the issues in this action. It will be noticed that this motion if granted would strike out all of the testimony brought out by the defendant himself on the examination of the third witness with reference to sales in the "drug store." This was not referred to

by the State nor was it necessary cross examination on what the witness had said.

The court denied this motion and defendant said this ruling is reversible error. The defendant made no request for instruction to the jury to disregard such testimony, nor did the defendant ask the court to limit the jury in its consideration of the sales made in "the barn," nor did the defendant take any exception to any instruction the court gave on this matter and has predicated no error on the part of the court with reference to any such instruction. The defendant has been content to rest this portion of his case solely on the alleged error in refusing to grant his motion to strike out "all of the evidence" with reference to sales in both places. In other words the defendant has become strictly technical with reference to the rulings of the court and has in effect said "we know the court is wrong in failing to strike out this testimony and we will rest our whole case on the technical rules of procedure and will not even ask the court to give the jury an instruction in the matter nor will we predicate any error in this respect on any instruction that was given."

The state had a right to prosecute the defendant for "keeping and maintaining a common nuisance" without specifically describing the "place." This being so the state had the right to introduce evidence showing "any place" within the county; but when the evidence tended to show two or more distinct places then it became the duty of the state to elect which place it would present to the jury as the nuisance. This election, however, is not required unless the defendant makes a demand for an election.

Where different transactions develop on the trial the duty devolves upon the defendant to move to compel an election. State v. Wissing, 187 Mo. 96, 85 S. W. 557; State v. Calhoun, 67 W. Va. 666, 69 S. E. 1098; Wooten v. State, 57 Tex. Crim. Rep. 89, 121 S. W. 703; Vogel v. State, 138 Wis. 315, 119 N. W. 190; State v. Ferguson, 8 Kan. App. 810, 57 Pac. 555. Objection to the introduction of evidence does not take the place of a motion to compel election.

Such an election must be made as soon as it can be done intelligently, depending upon the nature of the case. Warford v. People, 43 Colo. 107, 96 Pac. 556; State v. Hughes, 258 Mo. 264, 167 S. W. 529. Generally the time of the election must be left largely to the discretion of

the court. State v. Schueller, 120 Minn. 26, 138 N. W. 937; State v. Poull, 14 N. D. 557, 105 N. W. 717; State v. Hughes, 258 Mo. 264, 167 S. W. 529; State v. Willett, 78 Vt. 157, 62 Atl. 48. Generally it need not be made until the close of the state's case. Com. v. O'Connor, 107 Mass. 219; Com. v. O'Hanlon, 155 Mass. 198, 29 N. E. 518; State v. Finch, 71 Kan. 793, 81 Pac. 494; State v. Workman, 66 Wash. 292, 119 Pac. 751. If the demand for an election be made and the court. refuses to grant the demand it would be reversible error. Where the demand is made and the election required then it becomes the duty of the defendant to request the court to instruct the jury to limit its consideration to the testimony regarding the place selected. The matter is not raised by a motion to strike out the testimony but by the request for the instruction to the jury. For example, if the court refuses a motion to strike out but gives the proper instruction then there is no error in refusing to strike out. If the court grants a motion to strike out and refuses to instruct the jury with reference to the testimony regarding places other than the one elected then it would be reversible error. In other words, the motion to strike out is not the proper basis for the error predicated; but the giving or refusing of an instruction with reference to the testimony.

As a matter of fact it may be questioned whether such evidence should be stricken out. The evidence which should be stricken from a case is evidence which never should have been admitted. This will include evidence which was admitted conditionally, when the condition has never been fulfilled, but evidence which is relevant and material at the time it is admitted is not to be stricken out simply because it subsequently becomes immaterial. The proper remedy is to instruct the jury with reference to this testimony. The testimony sought to be stricken out was relevant and material at the time it was presented, because at that time the state had the right to present testimony with reference to any and all places. The state had a perfect right to develop its case and to find out from the witnesses the location of the alleged nuisance; but before the close of its case must protect the rights of the defendant in selecting which place it will rely upon. But in the meantime all testimony introduced showing any place within the county is relevant and material at the time offered.

As said by Jones in his work on Evidence: "Where evidence has

been properly received, and its effect has been destroyed by other evidence, or its inadmissibility becomes apparent afterwards, the party against whom it has been received has no absolute right to have it stricken out but he may request the court to charge the jury to disregard such evidence. A motion to strike out evidence that has been introduced in a case must be predicated upon some feature of irrelevancy, incompetency, legal inadmissibility or impertinency, in the evidence itself." 5 Jones, Ev. 384, § 895; 12 Enc. Ev. 156.

It will be noted this has reference to evidence which was properly received, and afterwards became immaterial. Where evidence properly in the case is afterward modified to render it practically valueless the opposing party has no right to have it stricken out. The utmost the defendant was entitled to after the election entirely destroyed the previous testimony was an instruction to disregard the latter. Niendorff v. Manhattan R. Co. 4 App. Div. 46, 50, 38 N. Y. Supp. 690. As said in Marks v. King, 64 N. Y. 628, 629, "Evidence admitted upon trial by jury either without objection, or properly under objection, which for any reason should not be considered by the jury is not necessarily to be stricken out on motion but may be retained in the discretion of the court; the remedy of the party is to ask for instructions to the jury that they disregard it." This case is applicable to the one at bar.

The evidence in this case was properly received under objection, but later because of the election should not have been considered by the jury. However, the court was under no obligation to strike it out. It was properly in the record and it was the duty of the court to instruct as to the effect, owing to the subsequent election. See Murray v. Fox, 39 Hun, 108, 116. In Kolka v. Jones, 6 N. D. 461, 479, 66 Am. St. Rep. 615, 71 N. W. 558, the court said:

"In any case if evidence is properly received the party against whom it is offered has no absolute right to have it stricken out. His proper remedy is to request the court to instruct the jury to disregard it." This was testimony which turned out to be immaterial and irrelevant. It had been received over objection, and it was not connected up with the case, nevertheless it was proper to receive it at the time it was received for at that time it was perfectly competent. This court followed the same rule in Guild v. More, 32 N. D. 432, 475, 155 N. W.

44.  Hence the defendant cannot raise the question upon a motion to strike out.

Another point in this case is that this motion of the defendant would strike out testimony which he deliberately brought out himself.  A party cannot move to strike out evidence adduced by himself.  When a party by his own question elicits testimony adverse to himself it is not his right to have this withdrawn.  Wright v. State, 108 Ala. 60, 18 So. 941; Com. v. Carbin, 143 Mass. 124, 8 N. E. 896; Bryan v. Olsen, 20 Misc. 604, 46 N. Y. Supp. 349; 12 Cyc. 555.  This is so even though the state's evidence on the same line be stricken out.  Speights v. State, 1 Tex. App. 551; Boyd v. State, 17 Ga. 194; Davis v. State, 51 Neb. 301, 70 N. W. 984; Hanscom v. State, 93 Wis. 273, 67 N. W. 419.  By bringing out on cross-examination evidence which was inadmissible—and the defendant claimed by his motion that such testimony was inadmissible—the defendant is estopped to have it stricken out.  12 Cyc. 562; Carroll v. State, 99 Ga. 36, 25 S. E. 680.

It needs no argument to show that where evidence is admitted some of which is admissible but intermingled with that which is inadmissible a motion to strike out should be directed with such precision as to the portion attacked that it can readily be seen what evidence is challenged.  The defendant moved to strike out all of the testimony without separating merely the testimony brought out by the state from what he himself brought out.  Where admissible and inadmissible are intermingled the court is not bound to separate it itself.  Davis v. State, 131 Ala. 10, 31 So. 569; People v. Scalamiero, 143 Cal. 343, 76 Pac. 1098; People v. Stanley, 101 Mich. 93, 59 N. W. 498; Jones v. State, 118 Ind. 39, 20 N. E. 634; State v. Magers, 36 Or. 38, 58 Pac. 892.  The same principle was set forth by this court in Krogh v. Great West. Life Assur. Co. 55 N. D. 722, 214 N. W. 897.

Where after election evidence which was properly in the record is no longer material the remedy is not to strike it out but to direct the attention of the jury to the proper way to treat such testimony.  This should be done by requesting instruction or by exception to the instruction the court did give.  But the defendant predicated no error on the instruction or requested an instruction.

In Aitkin v. Young, 12 Pa. 15, the court said:

"When evidence, competent and material at the time it is received,

becomes by a turn in the case incompetent and immaterial and no request is made to the court to instruct the jury to disregard it, it affords no ground for reversal."

This was the situation here. The evidence was competent and material when received, for the state had a right to introduce any evidence tending to show any place, and after the election the testimony regarding the sales in the "drug store" became immaterial; but the remedy is not to strike it out. Of course where the defendant brings it out it is a different matter. See also Gawtry v. Doane, 51 N. Y. 84; 1 Thomp. Trials, 3d ed. 652; Abbott, Crim. Trial Brief Cases, 2d ed. 619. This court has already decided that the trial court is not required to separate competent from incompetent testimony upon objection to an offer of proof, but may sustain the objection because of the incompetent testimony which it contains. See Krogh v. Great West. Assur. Co. supra. The principle is exactly the same in this motion to strike out. The court was not required to separate the irrelevant and immaterial testimony from the relevant and material. It was the duty of the one making the motion to do so. The defendant had no right to make motion to strike out testimony which he produced himself when he was not required to introduce it. So the court was right on this point in refusing to grant the motion.

There was an instruction given by the court with reference to this testimony and while that instruction may be open to objection nevertheless no exception was taken thereto and no error predicated thereon and no request made for any other kind of an instruction. The defendant very technically determined to stand upon a motion to strike out all of the testimony and if he wants to be so technical in his attitude toward the court he has no reason to complain if the state and the court meet him upon his ground, and be as technical as he. A review of the testimony introduced is of great aid in determining whether any injustice was done the defendant. We do not set it forth here because if the case be reversed a new trial is probable and it will be better not to review the testimony. I believe the majority opinion does an injustice to the state in this case and that the judgment appealed from should be affirmed.