[File No. Cr. 177.]

THE STATE OF NORTH DAKOTA, Respondent, v. LOIS GREEN, Appellant.

(297 N. W. 783.)

Opinion filed April 28, 1941.   Rehearing denied May 17, 1941.

F. T. Cuthbert, for appellant.

Alvin C. Strutz, Attorney General, and Obert C. Teigen, State's Attorney, for respondent.

MORRIS, J.   The defendant appeals from a judgment of convic-

tion rendered in the district court of Ramsey county, pursuant to a verdict of a jury. She was found guilty of the crime of receiving proceeds from a prostitute. The crime charged is statutory and is set out in § 9643, N. D. Comp. Laws 1913, as follows, "Any person who shall knowingly accept or receive in whole or in part support or maintenance or revenue from the proceeds or earnings of any woman engaged in prostitution shall be deemed guilty of a felony. . . ."

The defendant moved for a new trial in the district court. Her motion was denied. She appealed from the order denying the motion as well as from the judgment of conviction. The defendant presents six specifications of error, some of which are so interrelated that they do not need separate consideration.

The state's chief witness is Darcella Glass, who testifies at length and in detail as to her transactions with the defendant. According to this testimony the defendant lived in a building that was used by her partly as a residence and partly as a place of business. In the front of the building was a room containing a soft drink and cigar counter. The defendant made an arrangement with the witness to practice prostitution and divide the proceeds equally with the defendant. This business arrangement was carried on for about a year and two months. The immoral practices were carried on in the building in which both of the parties lived. The only testimony as to the actual payment of money to the defendant is that of Darcella Glass. The defendant urges that according to the record in this case, Darcella Glass was an accomplice of the defendant and challenges the sufficiency of the evidence to support the conviction upon the ground that she was convicted upon the uncorroborated testimony of the accomplice. The record contains some relevant corroboration. We need not take up the sufficiency of this corroboration for we have determined that Darcella Glass was not an accomplice of the defendant in the commission of the crime charged in the information. Darcella Glass, upon her own admission, was guilty of the practice of prostitution under an arrangement for sharing the proceeds with the defendant. However, the defendant is not charged with participating in the crime of prostitution or being an accomplice therein or an accessory thereto. She is charged with receiving proceeds from the immoral and illegal practices of the witness. The statute does not forbid paying over such

proceeds. The crime consists of knowingly receiving them. The prostitute is not an accomplice of one charged with violating this statute.

In Cole v. State, 156 Ark. 9, 245 S. W. 303, the same point arose upon the defendant's request for submission to the jury of the question whether or not the testimony of the prostitute made her an accomplice. The court said: "We think the court properly refused to charge the jury that Dollie Cross was an accomplice, or to submit that issue to the jury. The penalty of the statute quoted is directed against the person who knowingly accepts a valuable thing, without consideration, from the proceeds of the earnings of any woman engaged in prostitution. The thing made unlawful is not the illicit intercourse in which the female participates, but the acceptance of money thus earned without consideration. The act is directed against the person, whether man or woman, who, without consideration, accepts the earnings of a woman engaged in prostitution; but the illicit intercourse itself is not made unlawful by the statute. The prostitute shares in the shame and infamy of the transaction, but not in its unlawfulness, for, as we have said, it is not the act of immoral sexual intercourse that is made unlawful, but the acceptance, without consideration, of a portion of the proceeds thus earned."

This question was properly decided in that case. The defendant cites no direct authority to the contrary and after diligent search, we find none.

The defendant also argues that she and Darcella Glass were, according to the testimony of the state, both principals engaged in a joint enterprise. Since the assertion is not made in the vernacular, we must hold to the contrary in view of the crime charged under the statute. What we have just said with reference to the argument that Darcella Glass was an accomplice applies as well to the assertion that she and the defendant were principals. The statute that is the basis of the defendant's conviction is applicable to her alone. The crime therein defined and charged in the information was not committed by Darcella Glass. She could not be a principal in its commission.

The defendant specifies as error the admission over her objection of evidence to the effect that the residence of the defendant bears a "bad" reputation and has a reputation of being a place where prostitu-

tion is carried on. It is vigorously asserted that such evidence is not admissible to prove the commission of the crime defined in the statute under which the defendant is being prosecuted. The state, on the other hand, asserts that in a prosecution for keeping a disorderly house or a house of ill-fame, the reputation of the house is generally held to be admissible and from that it may be inferred that such evidence is also admissible in this case.

The state cites Cole v. State, supra, on this point. That case sustains the admission of testimony showing the reputation of the defendant's hotel in a prosecution for receiving earnings of a prostitute. The case is unsatisfactory as authority on this point for it appears that the defendant undertook to show that his hotel had the reputation of being a decent place. The opinion does not indicate whether the defendant or the state first introduced evidence of reputation. In the case before us the prosecution introduced evidence of the reputation of the defendant's residence as a part of its main case.

The state also cites State v. Buckwald, 117 Me. 344, 104 A. 520. In that case the court rests its decisions wholly upon a statute making admissible evidence of general reputation or common fame of houses or places involved in the commission of crimes under the statute upon which the prosecution was based. In the case before us the admissibility of such evidence is not provided for by any statute applicable to to the crime for which the defendant is being prosecuted.

The majority of cases hold that in prosecutions for keeping disorderly houses or houses of ill-fame, the reputation of the house may be admitted in evidence although there are a number of cases to the contrary. Wigmore, Evidence, 3d ed. § 1620. However, it is also generally held that in such cases evidence of reputation alone will not sustain a conviction, especially where the admission of such evidence is not provided by statute. King v. Com. 154 Ky. 829, 159 S. W. 593, 48 L.R.A.(N.S.) 253; Putman v. State, 9 Okla. Crim. Rep. 535, 132 P. 916, 46 L.R.A.(N.S.) 593; Francis v. State, 16 Okla. Crim. Rep. 543, 185 P. 126.

As a general rule it is not competent to prove that a defendant committed other crimes of like nature for the purpose of showing that she would be likely to commit the crime charged in the information. State v. Murphy, 17 N. D. 48, 115 N. W. 84, 17 L.R.A.(N.S.) 609, 16 Ann.

Cas. 1133; State v. Sievert, 56 N. D. 678, 218 N. W. 871. It may not be argued that evidence of the reputation of defendant's residence was admissible because it tended to show the probability that she received proceeds from the illicit conduct of Darcella Glass. The defendant cannot be required to meet evidence of other crimes in the same category but not chargd in the information unless that evidence is also relevant to the crime charged. Our rules of criminal evidence may not be relaxed so as to permit the admission of evidence that tends to show the commission of one crime which if committed merely indicates a possibility that the crime charged also was committed. In this case the reputation of the Green residence has no bearing upon the defendant's guilt. Its relevancy is one step too far removed to render the evidence admissible. See 20 Am. Jur. 287, Evidence. It tends to establish the commission of a crime not charged in the information. It could not have been reasonably anticipated by the defendant as being within the scope of evidence she might be required to meet. The relevancy and competency of evidence must always be determined with respect to the crime for which the defendant is being tried. When judged by that standard it was error to admit this evidence. The error is prejudicial.

Since the erroneous admission of testimony requires the granting of a new trial we should also consider another specification of error that involves a question that would, no doubt, again be raised unless we dispose of it now. By chapter 190, Session Laws N. D. 1919 (Supp. Comp. Laws §§ 9643a1–9643a6) this act is entitled: "An Act Defining Prostitution, Lewdness and Assignation; Prohibiting the Same; and Providing Rules of Evidence, Penalty and for Repeal of Laws in Conflict Therewith."

It is argued that the 1919 law was designed by the legislature to cover all crimes coming within the general class of immorality and that all such laws formerly enacted were repealed. The defendant chiefly relies upon the case of Figenskau v. McCoy, 66 N. D. 290, 265 N. W. 259, wherein we held that "where a new statute covers the entire subject-matter of a former statute in such a way as to set up a complete plan or course of action pertaining to such subject-matter which is inconsistent with that contained in the former statute, the old statute no longer remains in force."

The rule thus relied upon does not fit the facts and circumstances

here presented. The two statutes, while dealing with related subjects, are not inconsistent nor is the subject matter of the latter statute the same as the former. We merely have a situation where two statutes relate to similar subject matters but the acts which are made offenses by these statutes are different. Consequently, the statutes do not conflict, neither does one supersede the other.

Reversed and new trial granted.

CHRISTIANSON, BURKE, and NUESSLE, JJ., concur.

BURR, Ch. J. (dissenting). I dissent. The testimony introduced showing reputation of the house is competent under authority cited,— the Arkansas case—and in the light of all the testimony can not have prejudiced the defendant, the defendant developing the "bad" reputation of the house in the first instance.