## THE PEOPLE v. FRANK STANLEY.

*Liquor traffic—Identity of respondent—Evidence—Opinion—Res gestae.*

1. Where, on the trial of a respondent for the illegal sale of liquors, it appears that the sales were made in the evening from a buggy, and one of the purchasers, after testifying that he was within three feet of the person in the buggy when he purchased the liquor, testifies that he thought at the time that the man in the buggy who sold the liquor was the respondent, for he heard his name spoken, the fair inference is that the witness refers to the time when he made the purchase, and this testimony is admissible as a part of the *res gestae.*

2. Certain witnesses testified that they were within three or four feet of the man in the buggy when he sold them liquor. And it is held that it was competent for them to testify further that it was their impression, from what they saw of the occupant of the buggy, that it was the respondent.

3. One witness, who purchased a bottle of beer of the man in the buggy, testified that it was his impression that it was the respondent from whom he purchased the beer, but that such impression was gained wholly from what he heard the boys say at the time. A motion to strike out all of his testimony was denied. And it is held that, if the motion had been directed to the striking out of the testimony as to the impression of the witness regarding the identity of the party, it should have been granted,—not because the statements of the boys, made under the circumstances they were, right at the buggy, and as a part of the occasion of purchasing the beer, were not admissible as a part of the *res gestae,* but because the jury should have been left to draw whatever inferences might be drawn from the facts testified to; but that the motion was broader than this, and sought to exclude the entire testimony of the witness, part of which was admissible, and was properly denied.

Exceptions before judgment from Van Buren. (Buck, J.) Submitted on briefs April 25, 1894. Decided June 16, 1894.

Respondent was convicted of an unlawful sale of liquor in a local option county. Conviction affirmed. The facts are stated in the opinion.

*Breck Bros.*, for respondent.

*A. A. Ellis*, Attorney General, and *Lincoln H. Titus*, Prosecuting Attorney, for the people.

MONTGOMERY, J.   The respondent was convicted of an unlawful sale of liquor in the township of Waverly, Van Buren county, on the highway, in the night-time. There are numerous assignments of error in the record, but the allegations of error can be easily and readily grouped.

The prosecution proved by numerous witnesses the fact that sales of liquor were made on the occasion charged in the information.   The question in doubt was the identity of the respondent with the person who made the sales. It appeared by the testimony of the witnesses that the person who made the sales drove to the vicinity of where a dance was being held, and the sales were made from his buggy.   The witnesses called by the prosecution were very evidently unwilling witnesses.   There was some moon. Those who made the purchases of liquor were within three or four feet of the person in the buggy, and yet were very reluctant to express any opinion as to the identity of the party.   The first witness upon this branch of the case was Mr. Stowman, who testified:

"I just called for fog, and got beer.   That was all there was said.   The party in the buggy made no reply, that I know of.   I paid him 25 cents for it,—a 25 cent piece. It was the only one I had.   I took no notice of the horse. I was within three feet of the man.

" *Q*. Mr. Stowman, do you want this court and this jury to understand that you were within three feet of this man on this night, and didn't know who it was?

" *A*. Well, I couldn't prove who it was.

" *Q.* I am not asking you to prove who it was.

" *A.* Then I can't tell you who it was. I couldn't swear who it was, to be positive of it. I couldn't swear, to be positive, who it was.    *    *    *    *    *    *    *

" *Q.* Who did you think it was, that night?

" *A.* I thought it was Frank Stanley, for I heard his name spoken. That is all the reason I knew it was him."

A motion was made to strike out this answer, but it was denied, and a further question put:

" Who did you think it was, when you bought this beer the first time,—at the time you bought it?

" *A.* I didn't know who it was. Just in the light, as much as I could see, I thought it was Frank.

" *Q.* Frank Stanley?

" *A.* Yes, sir; that is all I know,—that is, from what I thought.

" *Q.* You judged from what you saw of this man in the buggy?

" *A.* Yes; from what I could see. It was very dark,— quite dark, in the shadows of the trees. There was a little moonlight. It was under a shadow of a tree, and it was quite dark there.

" *Q.* And you say at that time you thought it was Frank Stanley?

" *A.* I think so."

On cross-examination he said, in answer to the question,—

" If it hadn't been for anything you heard said by other parties there that night, would you have thought it was Frank Stanley?

" *A.* I don't know as I would. I might, and I might not.

" *Q.* You heard parties say it was Frank Stanley, did you?

" *A.* Yes, both before and after I got the beer."

We think the fair inference is that the testimony as to the occasion when he heard the party in the buggy called " Frank Stanley" was as to the time when the purchase was being made, and a part of the *res gestae*. Subsequently, when the witness Dolbee was on the stand, his

testimony that he heard parties say it was Frank Stanley, upon its being ascertained that this was before they went out to the buggy, was stricken out; so that the circuit judge must have understood that the statements of the witness Stowman, as to the time when the party was called "Frank Stanley," related to the precise occasion when the liquor was sold.

Other witnesses were called, and testified that it was their impression, from what they saw of the party in the buggy, that it was Frank Stanley. This testimony was objected to, and error is assigned upon its admission. But the testimony was competent. It is not necessary that witnesses shall swear to a fact with certainty. If, from their opportunity of judging of the identity, their opinion is of value, it is receivable. We think there was sufficient to admit the opinion of the witnesses in the present case. See *Long v. State,* 95 Ind. 481; *State v. Harr,* 38 W. Va. 58.

One witness was called who testified to his impression, based upon what he heard the parties say. He testified that all he knew about the identity of the party was what he heard the boys say around there. He was then asked the question:

" Did you have any impression since, who it was, when you saw him there in the buggy?

"*A.* I didn't, not at the time, then; no, sir.

"*Q.* Did you have any impression since, who it was?"

This was objected to, and his answer was:

" Why, it was my impression it was Frank Stanley, from what I heard the boys say. That is all I know about it. I couldn't swear it was him."

On cross-examination he further testified that the only impression he had was the one gained from what he heard the boys say. A motion was then made to strike out the whole of the testimony of the witness, but this motion was denied.

If the motion had been directed to the striking out of the testimony as to the impressions which the witness had, after it had appeared definitely that they were based wholly upon what he had heard said, it should have been granted; not because the statements as to who the party was in the buggy, made under the circumstances they were, right at the buggy, and as a part of the occasion of purchasing the beer, would not be admissible as a part of the *res gestae*, but because the jury should have been left to draw whatever inferences might be drawn from the fact. But the motion was broader than this, and sought to exclude entirely the testimony of this witness, including that which was, as before stated, competent; and the attention of the judge was not specifically called to the expression of the opinion after it had definitely appeared that there was nothing upon which the witness could base his opinion except the fact that the parties, at the time of the transaction, called the party in the buggy "Frank Stanley." If this question were properly raised, we should hesitate to reverse the case on this ground; for, taking the testimony of the witness as a whole, the jury would hardly be left to infer that the testimony of the witness had any other effect than simply that contained in the statements that when he bought the liquor the party in the buggy was spoken of as Frank Stanley.

The respondent was not entitled to an instruction that the people had failed to make out a case. On the contrary, the undisputed testimony tended to show the identity of the party who committed the offense, with the respondent. In such a case the question is for the jury. *People v. Henshaw*, 52 Mich. 564.

The conviction is affirmed.

The other Justices concurred.