## PROSECUTION FOR SALE OF INTOXICATING LIQUOR TO A MINOR.

Circuit Court of Summit County.

ALBERT LOWTHER V. STATE OF OHIO.

Decided, 1907.

*Criminal Law—Qualification of Juror—Prejudice Against Liquor Business—Knowledge of Minority from Appearance of Prosecuting Witness—Proof of Identity.*

1. In a trial for knowingly selling intoxicating liquor to a minor, the fact that a proposed juror admits that he has a prejudice against the business of selling intoxicating liquors, does not sustain a challenge for cause.
2. The claim that the evidence fails to show that the accused knew of the prosecuting witness' minority, is met by the fact that the jury saw said witness.
3. Though no one of the witnesses in a criminal case identifies the accused beyond a reasonable doubt, the collective effect of all their testimony may be sufficient to dissipate any doubt upon that subject.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

Plaintiff in error was convicted of knowingly selling intoxicating liquor to a minor, in violation of Section 4364-21, Revised Statutes.

Of the claims of error urged here, only three are saved upon the record:

1.   Exception was taken to the refusal of the trial court to sustain the challenge for cause against juror Walker, upon the ground of his prejudice against the business of selling intoxicating liquors. That is not a ground of challenge under Sections 5177 or 7278, Revised Statutes; and it appearing that this juror was otherwise qualified, we think the court was justified in overruling the challenge.

2.   The claim that there was no proof of the plaintiff in error's knowledge of the prosecuting witness' minority is met by the fact that the jury saw him; and we can not now say from the record before us, that the inference of plaintiff in error's

knowledge of his minority, implied in their verdict, is unwarranted.

3. The identity of the accused, it is claimed, was not established beyond a reasonable doubt, since none of the witnesses who testified on that subject identified him with that degree of certainty. The collective effect of their testimony may, however, have sufficiently satisfied the jury so as to dissipate any doubt upon that point. *Commonwealth* v. *Cunningham*, 104 Mass., 545; *People* v. *Stanley*, 59 N. W., 498; *State* v. *Franke*, 159 Mo., 560.

The judgment is affirmed.