[Cite as *State v. Kaimachiande*, 2019-Ohio-1939.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                     CASE NO. 8-18-57

    v.

KAI TIMOTHY KAIMACHIANDE,           O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. 2017 CR 164

Judgment Affirmed

Date of Decision: May 20, 2019

APPEARANCES:

    *Linda Gabriele* for Appellant

    *David A. Walsh* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Kai Kaimachiande ("Kaimachiande"), brings this appeal from the October 3, 2018, judgment of the Logan County Common Pleas Court revoking his community control and sentencing him to eleven months in prison. On appeal he argues that the trial court abused its discretion by revoking his community control and that the trial court erred by *sua sponte* "reopening" the community control violation hearing for more testimony and evidence from the State.

*Relevant Facts and Procedural History*

{¶2} On June 14, 2016, Kaimachiande was indicted for Illegal Processing of Drug Documents in violation of R.C. 2925.23(B)(1), a felony of the fifth degree, and Trafficking in Marijuana in violation of R.C. 2925.03(A)(2), a felony of the fifth degree.[1] He originally pled not guilty to the charges.

{¶3} Subsequently, Kaimachiande entered into a written negotiated plea agreement wherein he agreed to plead guilty to the charge of Trafficking in Marijuana as indicted, and in exchange the State agreed to dismiss the Illegal Processing of Drug Documents charge. Kaimachiande's plea was ultimately accepted, and he was found guilty of Trafficking in Marijuana.[2]

---

[1] The crimes allegedly occurred on different dates.
[2] A judgment entry included in the record reflected what transpired at the change-of-plea hearing; however, no transcript from the hearing was provided.

-2-

{¶4} On December 5, 2016, Kaimachiande was sentenced to three years of community control. The trial court's entry stated that Kaimachiande would have to abide by the conditions the probation department deemed appropriate and he was ordered to abide by all laws, including but not limited to, the laws related to firearms. Kaimachiande was notified that if he violated his community control he would be subject to a twelve-month prison term.

{¶5} On December 6, 2016, Kaimachiande signed a "Conditions of Supervision" sheet that ordered him to, *inter alia*, obey federal, state, and local laws and ordinances, and prevented him from possessing or controlling a firearm or ammunition.

{¶6} On July 19, 2018, the State filed a motion for Kaimachiande to show cause why his community control should not be revoked. The State alleged that Kaimachiande had two traffic offenses in Franklin County, and that during the traffic offenses he was found in possession of a firearm, contrary to his conditions of his community control.

{¶7} On October 2, 2018, a hearing was held on the allegations that Kaimachiande had violated his community control. The State called three witnesses at the hearing, beginning with Parole Officer Jeff Roman of the APA in Logan County. Officer Roman testified that he was initially designated Kaimachiande's supervising community control officer, but he became the "inactive" officer due to

Kaimachiande residing in Franklin County. Officer Roman explained that he remained attached to the case in the event that a violation occurred so that he could address the issue in Logan County, but Kaimachiande was "actively" supervised by Officer Kyle Jackson of Franklin County.

{¶8} Nevertheless, Officer Roman testified that he initially met with Kaimachiande on December 5, 2016, when Kaimachiande was first placed on community control. Officer Roman testified that he reviewed the standard terms and conditions of community control with "the defendant." Officer Roman testified that the terms were included in a written form, which Kaimachiande signed to acknowledge his understanding. That form was introduced into evidence.

{¶9} As to the alleged community control violations in question, Officer Roman testified that in July of 2018 he was notified that Kaimachiande had been charged with traffic violations and with Having Weapons While Under Disability in Franklin County. Officer Roman then testified that he filed a motion with the trial court to revoke Kaimachiande's community control based on those issues.

{¶10} Officer James Ruark of the Columbus Police Department then testified regarding the alleged community control violations. Officer Ruark testified that he initiated a traffic stop of Kaimachiande on July 8, 2018, around 1 or 1:30 a.m. Officer Ruark testified that Kaimachiande made an improper left turn by failing to

yield and that Kaimachiande almost collided with Officer Ruark's police cruiser as a result. Officer Ruark then stopped Kaimachiande's vehicle.

{¶11} Officer Ruark testified that Kaimachiande provided an identification card, but not a driver's license. Kaimachiande claimed he was driving with privileges, and when Officer Ruark asked to see them, Kaimachiande reached into the driver's side door pouch and he pulled out documents and a baggy containing a green leafy substance. Kaimachiande admitted the substance was marijuana. Officer Ruark had Kaimachiande step out of the vehicle and the vehicle was searched. A Crown Royal bag was located underneath Kaimachiande's seat. It contained a .380 firearm and bullets.

{¶12} Officer Jonathan Johnson of the Columbus Police Department also testified on behalf of the State, corroborating Officer Ruark's testimony as he was present at the scene. As a result of the July 8, 2018, incident, Kaimachiande was charged with traffic offenses and he was later indicted for Having Weapons While Under Disability. At the time of the community control violation hearing, Kaimachiande had been convicted of the traffic offenses but his Having Weapons While Under Disability charge had not yet proceeded to trial.

{¶13} The State rested its case and Kaimachiande elected not to put forth any evidence on his own behalf beyond his cross-examination of the State's witnesses. The parties then gave closing arguments wherein defense counsel argued that the

State had not identified Kaimachiande as the person Officer Roman had provided with the "Conditions of Supervision" form, and that the State had offered no "documentary" evidence indicating that charges had been brought against Kaimachiande.

{¶14} After closing arguments were complete, the trial court addressed Officer Roman, who was still in the courtroom, and asked him to read the email he had received from the Franklin County officer who had notified Officer Roman of the charges against Kaimachiande resulting from the July 8, 2018 incident. Defense counsel moved to strike any such evidence and the trial court denied defense counsel's motion, indicating that the trial court already had a copy of the email in its file and had already reviewed it prior to the hearing. The trial court then made the email a "Court Exhibit" over defense counsel's objection.

{¶15} Next, the trial court indicated that it could not recall if Officer Roman had specifically identified Kaimachiande as the person who he had provided with community control documentation during his testimony, so he allowed the State to "reopen" its presentation and ask Officer Roman to identify Kaimachiande. Defense Counsel again objected, and the objection was overruled.

{¶16} At the conclusion of the testimony, the trial court found that Kaimachiande had violated his community control. Specifically, the trial court determined that "the supervision violation relating to the gun and the ammunition

possession are more than technical violations. The Court finds also that the violation of license restriction is more than a technical violation." (Oct. 2, 2018, Tr. at 65). The trial court then sentenced Kaimachiande to serve an eleven month prison term, noting that it was a downgrade from the originally stated twelve-month prison term. A judgment entry memorializing Kaimachiande's sentence was filed October 3, 2018. It is from this judgment that Kaimachiande appeals, asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**The finding of the trial court was an abuse of discretion as the decision was not supported by the evidence.**

**Assignment of Error No. 2**
**It was an abuse of discretion for the trial court to reopen the case sua sponte and permit testimony and documentary evidence required to prove necessary elements of the allegations.**

{¶17} Due to the nature of the discussion, we elect to address the assignments of error out of the order in which they were raised.

*Second Assignment of Error*

{¶18} In Kaimachiande's second assignment of error, he argues that the trial court abused its discretion by *sua sponte* reopening the case after closing arguments and by permitting evidence to establish, what he terms, necessary "elements" of the community control violation allegations. Specifically, Kaimachiande contends that the State rested its case in this matter without a "scintilla" of proof that Kaimachiande was read the "Conditions of Supervision" by Officer Roman,

indicating that there was no proper identification of Kaimachiande. He also argues that there was no documentary proof of the traffic convictions or the Having Weapons While Under Disability charge. Kaimachiande argues that the trial court improperly attempted to "fix" what he contends amounted to insufficient proof offered by the State by reopening the matter *sua sponte*, and allowing the State to present additional evidence. Kaimachiande contends that the trial court effectively usurped the role of the prosecutor and became an advocate on behalf of the State.

## Standard of Review

{¶19} The general rule in Ohio is that "the question of opening up a case for the presentation of further testimony is within the sound discretion of the trial court, and the court's action in that regard will not be disturbed on appeal unless under the circumstances it amounted to an abuse of discretion." *Columbus v. Grant*, 1 Ohio App.3d 96, 97, 439 N.E.2d 907 (10th Dist.1981); *State v. Yevtukh*, 5th Dist. Ashland No. 01COA01426, 2002-Ohio-762. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Id.*

## Relevant Authority

{¶20} It is well-settled that the Rules of Evidence do not apply to community control revocation hearings. *See e.g. State v. Newsome*, 4th Dist. Hocking No.

17CA2, 2017-Ohio-7488, ¶ 21; Evid.R. 101(C)(3). Thus hearsay or other evidence that may have been inadmissible during a criminal trial can be permissible in a community control revocation hearing.[3] *State v. Ohly*, 166 Ohio App.3d 808, 6th Dist. Erie No. E-05-052, 2006-Ohio-2353, ¶ 21.

**{¶21}** Moreover, because a community control revocation hearing is not a criminal trial, the State is not required to establish a violation of the terms of community control beyond a reasonable doubt. *State v. Davis*, 8th Dist. Cuyahoga No. 105299, 2017-Ohio-8873, ¶ 14, *appeal not allowed*, 152 Ohio St.3d 1465, 2018-Ohio-1795, citing *State v. Hayes*, 8th Dist. Cuyahoga No. 87642, 2006-Ohio-5924, ¶ 11, citing *State v. Payne*, 12th Dist. Warren No. CA2001-09-081, 2002-Ohio-1916. Instead, the quantum of evidence required to establish a violation and to revoke a community control sanction must be "substantial." *State v. Hylton*, 4th Dist. Gallia No. 90CA13, 75 Ohio App.3d 778, 782 (1991). In a community control violation hearing, the trial court must consider the credibility of the witnesses and make a determination based on substantial evidence. *Hayes* at ¶ 11. "Substantial evidence has been defined as being more than a scintilla of evidence, but less than a preponderance." *State v. McCants*, 1st Dist. Hamilton No. C-120725, 2013-Ohio-2646, ¶ 11, citing *State v. Middlebrooks*, 5th Dist. Tuscarawas No. 2010 AP080026, 2011-Ohio-4534.

---

[3] However, courts have held it may be error if a trial court relies *exclusively* on hearsay in a community control revocation hearing. *See State v. Newsome*, 4th Dist. Hocking No. 17CA2, 2017-Ohio-7488.

Analysis

{¶22} In this case, Kaimachiande argued to the trial court in closing argument that there was no testimony from Officer Roman to identify Kaimachiande as the person Officer Roman had discussed the "Conditions of Supervision" with contained in State's Exhibit 1. After closing arguments, the trial court indicated that it did not recall whether Kaimachiande was specifically identified by Officer Roman. The prosecutor responded that while Officer Roman did not "specifically point out the defendant[,] [h]e did state that the defendant was the one that he had met with to sign the terms and conditions of supervision and that [Kaimachiande's] signature was on that document[.]" (Tr. at 49). Nevertheless, the trial court asked the State if it wanted to reopen its case at that point to identify the defendant. The State did reopen its case and Officer Roman further identified Kaimachiande over objection.

{¶23} At the outset of our review, we emphasize that the decision in whether to reopen a case is soundly within the discretion of the trial court. But even if we were to somehow find that the trial court did abuse its discretion here, which we do not, Kaimachiande did not suffer any prejudice as a result of the trial court's actions because Kaimachiande had been more than sufficiently identified by the State through the testimony and the State's exhibit presented during the State's case-in-chief.

{¶24} In Officer Roman's original testimony, he repeatedly and consistently referred to "the defendant." The State initially asked Officer Roman if he was "the supervising probation officer for *this* defendant?" (Emphasis added.) (Tr. at 7). Officer Roman stated that he was the "inactive officer" and explained what that meant. Officer Roman then continued to refer to "the defendant" throughout his testimony.

> **[W]hat I did initially when the defendant was placed on community control here in Logan County, I sat down with the defendant on December 5th of 2016, and I reviewed the conditions with the defendant and went through the conditions. There were one through five conditions up front, and then the defendant basically [had to] acknowledge whether or not he understood them. We went through them and then he signed the conditions therein.**

(Tr. at 7-8). That document, which contained Officer Roman's signature *and* Kaimachiande's signature, was introduced into evidence.

{¶25} Moreover, during cross-examination, defense counsel asked, "[Y]ou indicated that you had gone over this agreement with *my client* * * * December 5th of 2016; is that correct?" (Emphasis added.) (*Id*. at 12). Officer Roman answered in the affirmative. Then, following Officer Roman's testimony, both Columbus Police Officers identified Kaimachiande as the individual they interacted with during the traffic stop on July 8, 2018, which led to his arrest.

{¶26} Notably, this Court has held, even in an actual criminal trial with a much higher standard of proof, that

-11-

> **Although no witness in court at trial specifically identifies the accused by pointing to him, the collective effect of the testimony in a case may be sufficient to eliminate any doubt in the minds of the jurors as to the identity of the accused.** [*Lowther v. State*, 18 Ohio C.C. (N.S.) 192 (1907)]. **Circumstantial evidence may be sufficient to establish the identity of the accused as the offender. The test as to whether or not the circumstantial evidence is sufficient is that the circumstances lead the jury to but one fair and reasonable conclusion pointing to the accused to the exclusion of all others.**

*State v. Cooper*, 3d Dist. Logan No. 8-84-31, 1985 WL 7217, *3.

**{¶27}** Given the evidence in this case, we cannot find any prejudicial error here as any identification during the "reopening" was superfluous, particularly given the lower standard of proof in community control revocation hearings. Kaimachiande was sufficiently identified throughout the matter and it was clear at all times who was being referred to. Therefore his argument regarding it being error to allow the State to reopen its case is not well-taken.

**{¶28}** Kaimachiande next argues that it was error for the trial court to ask Officer Roman to read the email he received from the Franklin County Probation Officer informing him of Kaimachiande's charges in Franklin County after the parties had given closing arguments. At the request of the trial court, Officer Roman read the email from counsel table. When Kaimachiande objected, the trial court indicated that it already had a copy of the letter in its file as the trial court was kept updated on Kaimachiande's status. The trial court indicated it had already reviewed the letter, and the file, prior to the hearing. However, Kaimachiande argues that it

-12-

was error for the trial court to permit such testimony, then to introduce the email as "Court's Exhibit 1" *sua sponte*.

{¶29} First, we again emphasize that this was a community control revocation hearing and not a criminal trial, thus it was not subject to the rules of evidence. Second, a trial court's decision to reopen a case and what evidence to admit are within a court's sound discretion. Third, it is important to note that there was no new substantive information in the email beyond what the trial court was made aware of through the State's witnesses. While Kaimachiande's attorney argued in closing argument that there was no documentary proof of his other charges or convictions that were the cause of the alleged community control violations, there was clear testimony from three officers, two of whom had actually stopped and arrested Kaimachiande regarding the violations.

{¶30} Fourth, and finally, the level of proof required in these matters is substantially lower than "beyond a reasonable doubt." Given the evidence presented in this case, we cannot find that even if the trial court abused its discretion by allowing the email to be read, it had any material impact on the outcome of this matter as there was substantial testimony indicating Kaimachiande was in possession of a firearm, and that he was driving without a license, both in contravention of his community control. Therefore his argument is not well-taken.

**{¶31}** For all of these reasons Kaimachiande's second assignment of error is overruled.

*First Assignment of Error*

**{¶32}** In Kaimachiande's first assignment of error he argues that the trial court erred by finding that he had violated his community control. Specifically, he argues that Officer Roman did not identify Kaimachiande, that Officer Roman did not identify the community control sanctions that Kaimachiande allegedly violated, and that the State offered no documentary proof of the purported violations.

Standard of Review

**{¶33}** The decision of a trial court finding a violation of community control will not be disturbed absent an abuse of discretion. *State v. Berry*, 3d Dist. Defiance No. 4-12-04, 2012-Ohio-4660, ¶ 33, citing *State v. Ryan,* 3d Dist. No. 14–06–55, 2007-Ohio-4743, at ¶ 7.

Analysis

**{¶34}** Kaimachiande first argues that he was not identified in the hearing on this matter. As we discussed in the previous assignment of error, this is inaccurate, and his argument is not well-taken.

**{¶35}** Kaimachiande next argues that Officer Roman did not identify the community control sanctions that Kaimachiande allegedly violated. We disagree.

{¶36} In the State's motion to show cause, the State specified that Kaimachiande had purportedly violated "Standard Condition #1" of his "Conditions of Supervision," which was to obey federal, state, and local laws including those related to drug use and registration with authorities. (Doc. No. 44). It was alleged that Kaimachiande violated this condition by his July 8, 2018, charges, and the subsequent convictions for "Violation of License Restriction" and "Right of [W]ay." (*Id.*) Next, the State alleged that Kaimachiande violated "Standard Condition #4" of his "Conditions of Supervision," which prevented him from possessing any firearms or ammunition. The State contended that Kaimachiande violated this condition by possessing a .380 handgun during his July 8, 2018, traffic stop.

{¶37} At the hearing on the matter, Officer Roman reiterated that he had information that Kaimachiande had violated the stated "Conditions of "Supervision" during the traffic stop in Columbus. The State also introduced into evidence the written "Conditions of Supervision" that Kaimachiande signed, which included provisions to obey federal, state, and local laws, and prevented him from possessing a firearm or ammunition. Then, to prove those specific allegations, the State presented the testimony of two Columbus Police Officers who testified to the July 8, 2018 incident, indicating Kaimachiande was arrested for driving without a license, for having a handgun, and that he was cited for failing to yield. Thus

Kaimachiande's contention that it was unclear what "Conditions of Supervision" he purportedly violated is not well-taken.

**{¶38}** Kaimachiande next argues that it was error for the trial court to find that he violated community control merely for being *arrested*, citing *State v. Greene*, 8th Dist. Cuyahoga No. 106028, 2018-Ohio-1965, in support. However, unlike *Greene*, Kaimachiande was not found in violation of his community control merely for being arrested. In *Greene* the defendant was arrested and never charged, which is wholly different than this case where Kaimachiande has been charged with multiple offenses, and already convicted of the traffic offenses.

**{¶39}** Moreover, short of being criminally charged with actual offenses, Kaimachiande also explicitly violated one of the terms of his community control by possessing a firearm, which the trial court found was a material violation.[4] Thus Kaimachiande is inaccurate when arguing that the trial court found he violated his community control simply for being arrested, and his argument is not well-taken.

**{¶40}** Finally, Kaimachiande argues that the trial court erred by finding he violated his community control without any certified documentary evidence regarding his charges and convictions. However, given the nature of the hearing

---

[4] Aside from being notified by Officer Roman in the standard conditions of community control, Kaimachiande's judgment entry placing him on community control ordered him to abide by all laws including those related to firearms.

-16-

and the standard of proof, specific documentation was not necessary, and Kaimachiande cites no authority to the contrary.

**{¶41}** In sum, the State introduced substantial probative evidence through the testimony of the three officers, and sufficiently indicated how Kaimachiande had violated his community control such that the trial court could readily find he was in violation. Therefore, we cannot find that the trial court abused its discretion. For these reasons, Kaimachiande's first assignment of error is overruled.

*Conclusion*

**{¶42}** For the foregoing reasons Kaimachiande's assignments of error are overruled and the judgment of the Logan County Common Pleas Court is affirmed.

***Judgment Affirmed***

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**